HENRY JUTTE, Appellant, *v.* WILLIAM J. HUGHES, Respondent.

67 267
108 412

Plaintiff's complaint alleged, in substance, that by reason of the failure of defendant to keep the privies and drains upon his premises in proper repair the water and filth therefrom was caused to overflow upon plaintiff's premises adjoining and into the cellars of his houses, rendering them unfit for use, interfering with the use of the premises and with the letting thereof and injuring the walls, etc. Upon the trial of the action plaintiff offered evidence to show that he had lost rents in consequence of the flow of the water into his cellars, that the cellars had remained unoccupied since the water came in, and also proof of the rental value of the premises. This was objected to generally and excluded. The court also, in its charge, excluded the rental value of the premises as an element of damages. *Held*, error; that the damages thus sought to be proved, being such as necessarily and naturally resulted from the injury complained of, a special averment thereof in the complaint was not necessary in order to authorize a recovery.

Also, *held*, that the allegations in the complaint were sufficient to authorize evidence of the loss of the use of the cellars and of the rental thereof, treating it as special damage particularly as there was no objection on the ground of the insufficiency of the averments.

The court confined the damages to the injuries done to the walls and cellars. It appeared that plaintiff incurred expenses in plumbing and fixing-the sewers, and that other expenses would be required to prevent further injury from the flow of the water; also, that injuries were sustained because of the stench. *Held*, error; that these were proper items of damage.

The proof showed that defendant had paved his yard and conducted from

the roofs of his houses, in leaders and drains to the privies, an unusual quantity of water beyond the capacity of the drains to carry away. The court charged that if the water did issue from the defendant's yard and he did every thing possible under the circumstances and practicable in the way of drainage to carry it off from the premises he was not liable. *Held,* error; that if defendant suffered the water improperly to accumulate on his premises so as to flow upon the plaintiff, it did not relieve him from liability that he did all he reasonably could do to carry it off.

Also, *held,* that the errors specified were not cured by a verdict for defendant; as it could not be assumed that the result would not have been changed had proper instructions been given on the question of damages. *Jutte* v. *Hughes* (8 J. & S., 126) reversed.

(Argued October 5, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant entered upon a verdict. (Reported below, 8 J. & S., 126.)

This action was brought to recover damages for injuries alleged to have been occasioned to plaintiff's premises, in the city of New York, by the flow of water and filth from defendant's premises adjoining. The allegations in the complaint as to the cause of the injuries and the damages sustained are as follows:

"That since about the 1st day of March, 1870, the defendant has failed to keep the privies, drains and drain pipes connected with his said building in proper repair, and has suffered the same to become and remain out of order so that water and filth escaped therefrom and percolated through the wall of the plaintiff's said house and into the cellar thereof in such quantities as to soak and cover the floor of such cellar and to render the same permanently unfit for use, and also to greatly injure the walls and other portions of the said plaintiff's building and to create such an offensive stench and smell as to interfere with the plaintiff's use of said premises and with the letting thereof, and that the plaintiff has, in consequence thereof, sustained damage in the sum of $850."

"That this plaintiff having requested said defendant to take

up said drain and abate such nuisance was notified by him that he could enter upon his said premises and take up the same and that he, said defendant, would pay the expense; that this plaintiff thereupon, in pursuance of such direction, caused the drain in said defendant's yard, from which said nuisance proceeded, to be taken up and repaired so as to stop the flow of water and filth therefrom, and expended in so doing the sum of seventy-five dollars, no part of which has been paid." "That by reason of the flowing of such water and filth into the cellar of his said premises, as aforesaid, this plaintiff was compelled at various times to clean out the sewers and drains leading therefrom and to expend in so doing the sum of seventy-five dollars."

By stipulation between the parties the only question to be raised upon appeal were upon exceptions to the rulings of the court in excluding certain evidence upon the question of damages and upon exceptions to the charge of the court.

The facts in reference to these questions are sufficiently set forth in the opinion.

*George W. Wingate* for the appellant. It was error to exclude evidence of the loss of the use of the cellars by plaintiff in consequence of the overflow, and of their rental value. (*McKeon* v. *Lee*, 4 Robt., 450; *St. John* v. *Mayor*, etc., 6 Duer, 315; *Scott* v. *Bay*, 3 Ind., 431; *Cincinnati* v. *Evans*, 5 Ohio, 394; *De Wint* v. *Wilts*, 9 Wend., 325; *Phillips* v. *Higgins*, Alb. L. J., Aug., 1874, p. 123.) It was not necessary for the complaint to aver any special damage upon this point. (*Vanderslice* v. *Newton*, 4 N. Y., 132; *St. John* v. *Mayor*, etc., 6 Duer, 315, 320.) Proof as to the rental value of the premises was admissible. (*Griffin* v. *Culver*, 16 N. Y., 496, 942; *Francis* v. *Schoellkopf*, 53 id., 154.) Plaintiff was entitled to a new trial. (*Wardell* v. *Hughes*, 3 Wend., 418; *Gillett* v. *Spear*, 7 id., 193; *Clark* v. *Vorce*, 19 id., 232; *Underhill* v. *N. Y. and H. R. R. Co.*, 21 Barb., 489; *Myers* v. *Malcom*, 7 Hill, 292; *Williams* v. *Fitch*, 18 N. Y., 546; *Jaeger* v. *Kelly*, 7 Rob., 586; *Lagre* v. *Townsend*, 15

Wend., 647; *Howell* v. *Hughes*, 3 id., 418; *Highland Bk.* v. *Wynkoop*, H. & D. Sup., 243.) It was error for the court to charge that if the water did not come from defendant's yard he was not responsible if he had done every thing possible and practicable in the way of drainage to carry it off. (*Bellows* v. *Sackett*, 14 Barb., 96; *Bentley* v. *Armstrong*, 8 W. & S., 40; *Foot* v. *Bronson*, 4 Lans., 51; *Wheatly* v. *Baugh*, 25 Penn., 528; *Broadbent* v. *Ramsbotham*, 11 Exch., 662; *Rawston* v. *Taylor*, id., 369.)

*Warren G. Brown* for the respondent. The judge was correct in his charge in limiting the jury in estimating damages to those to plaintiff's wall, cellar and building. (1 Hall Supr. C. R., 412; *Malony* v. *Dows*, 15 How. Pr., 261; *Hallock*, 2 Barb., 630; 14 Wend., 159; 12 id., 64; 1 Chit. Pl., 371; Sedg. on Dam., 67; 36 N. Y. Supr. C. R., 185.) The loss of rent was too remote to justify its use as an item of damage. (*Crain* v. *Petrie*, 6 Hill, 522; *Stapenhorst* v. *Am. Mfg. Co.*, 36 N. Y. Supr. C. R., 392; *Mercy* v. *Met. G. L. Co.*, 38 id., 185.)

MILLER, J. Upon the trial of this action, evidence was offered to establish that the plaintiff had lost tenants on account of the water flowing into the plaintiff's cellars and that the cellars had remained unoccupied since the water came in, which testimony was excluded by the court. Proof of the rental value for the purpose of showing the damages done, was also rejected. The questions put in reference to these subjects were objected to generally, and no special ground of objection was stated to the form of any of them. The judge in his charge to the jury also excluded the rental value as an element of damage. To each of these rulings exceptions were taken and they uphold the principle that no damages could be recovered for the loss of rent, or the loss of the use of the cellars, and they may be considered under the same general head. I think that the judge was clearly wrong in the decisions referred to. The complaint was for

damages by reason of the failure of the defendant to keep the privies and drains of his buildings in proper repair, thereby causing the water and filth to escape into plaintiff's houses and cellars and rendering the cellars unfit for use, and, among other things, creating such an offensive smell as to interfere with the use of the premises and the letting of the same. The admissibility of evidence of this character in a proper case, is abundantly established by authority. In *Francis* v. *Schoellkopf* (53 N. Y., 152), which was an action to recover damages for maintaining a nuisance, it was held that the proper measure of damages was the difference between the rental value, free from the effects of the nuisance for which damages were claimed and subject to it. (See also, *McKeon* v. *See*, 4 Robt., 450 ; *St. John* v. *The Mayor*, 6 Duer, 315 ; *Ruff* v. *Rinaldo*, 55 N. Y., 664 ; *De Wint* v. *Wiltse*, 9 Wend., 325.) No valid reason exists why the same rule should not prevail in a case like the present one, where it is quite apparent that damages of the same character may follow, as the immediate consequence of the alleged injury. It is said, however, that the evidence was improper, because special damages should have been alleged in order to be proved, and that the complaint should have stated the names of the tenants, the apartments and specific amounts of rent alleged to have been lost, so as to enable the defendant to meet the proof which might establish such an allegation. This doctrine might well apply in actions of slander, and of a kindred class under the common-law practice, which requires that special damages should be specifically alleged. Where, however, the damages necessarily result and naturally flow from the injury complained of, they may be recovered without any special averment. (*Vander slice* v. *Newton*, 4 Comst., 132.) This would seem to follow here. But, be that as it may, the complaint having alleged that the use of the cellars and the letting thereof was prevented by the unlawful act of the defendant, it was quite sufficient to authorize the admission of the evidence. Especially is this the case, as there was no objection to the evidence upon the ground stated, and if this had been interposed, it could have

been obviated by an amendment of the complaint. The cases cited to sustain the proposition that the loss of rent is too remote as an item of damages, are clearly distinguishable, and, as this case stands, have no application. The reasons stated are also applicable to the portions of the charge already referred to.

A portion of the charge of the judge, to which exception was taken, was also erroneous in confining the damages to mere injuries done to the walls and cellars, for the reason that it is made to appear that expenses had been incurred by the plaintiff in plumbing and fixing the sewers, and that other expenses would be required in preventing further injury from the flow of the water through the walls, which should have been taken into consideration. There was also error in the charge in limiting the damages without allowing for the injuries which were caused by the stench and smell which necessarily would seriously affect the use of the property and constitute an important item of the damages incurred.

There was also error in that portion of the charge of the judge to the effect, that if the water did come from the defendant's yard and he did every thing which was possible, under the circumstances, and practicable in the way of drainage to carry it off from the premises, he was not liable. The proof showed that the defendant had paved the yard, thus causing the water to accumulate and render the yard less penetrable to the same, and conducted from the roofs of his houses to the privy in leaders and drains an unusual quantity of water beyond the capacity of the drains to carry away. This he had no right to do, and he was bound to take care of such water as fell and accumulated upon his own premises and to prevent its causing any injury to the property of the plaintiff. (*Bellows* v. *Sackett*, 15 Barb., 96; *Foot* v. *Bronson*, 4 Lans., 51.) It matters not that the defendant did all that he reasonably could do to take the water off, if he suffered it improperly to increase on his own premises, and so as to flow on the plaintiff's premises. The principle established by the familiar maxim *sic utere tuo ut alienum non laedas*, is applicable to such a case as is pre-

sented by the evidence here. It may be invoked in all cases where the owner of land allows water to flow from his own premises to that of his neighbor's and causes damages; where a man digs on his own land so near to his neighbor as to cause the land of the latter to fall upon his, and he thus transfers a portion of the soil of another to his own. (*Farrand* v. *Marshall*, 21 Barb., 409.) Also, where an injury is caused by the blasting of rocks on the land of the owner, which fall on the land of his neighbor (*Hay* v. *The Cohoes Co.*, 2 Comst., 159), as well as in other cases of a similar character. For the same reason where, by an imperfect system of drainage, or a failure to keep drains in proper repair, water is diverted and an injury committed, the law holds the delinquent amenable. The exception to the portion of the charge last considered was accompanied with a request to charge that the defendant was bound absolutely to carry off the surface water from his premises, which request was refused, the court holding substantially as charged, and no exception appears to have been taken to the refusal to charge. I think the exception raises the question as to the correctness of the charge as made, and hence is a proper subject for consideration upon this appeal. It by no means follows that because the jury brought in a verdict for the defendant that the defendant was not responsible for the loss of rent. Nor is it to be assumed that the result would not have been changed had the judge given proper instructions on the subject of damages and the extent of the defendant's liability.

For the errors discussed the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur; ALLEN and FOLGER, JJ., on the ground of the exclusion of evidence; ANDREWS, J., in result.

Judgment reversed.