JOHN SCHWAB, RESPONDENT, *v.* FREDERICK E. CLEVELAND, AS TRUSTEE, ETC., APPELLANT, IMPLEADED WITH ONE KATHARINE M. VALERIS.

*Nuisance — the owner of a house is liable for the injury occasioned by a leaky conductor, without notice — one who owns as trustee is thus liable — what liability exists as between him and his cestui que trust — damages — diminution of rent to be considered in determining.*

When the owner of premises collects the water which naturally falls upon the same into one place, and conducts it from thence by a pipe to his drain, he undertakes, at all hazards, that his pipe shall be and continue sufficient to protect the adjoining premises from all harm.

It is no defense to an action brought against him to recover damages occasioned

by the pipe's being out of repair, to show that the pipe was erected by his grantor, or that he did not know or have notice of the leak.

Where the building is owned by a trustee, he is liable as such for all the damages occasioned.

Query as to whether, as between him and the beneficiary, he can collect such damages from the trust estate.

In estimating the amount of the damages occasioned to the adjoining building, any diminution of rent, resulting from the injury, may be considered.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages "or injuries done to the plaintiff's premises, by the escape of water from a leader upon the house or the premises owned by the defendant Cleveland, as trustee.

*J. Hampden Dougherty* and *Frederick E. Cleveland,* for the appellant.

*Dorland & Hess,* for the respondent.

BARNARD, P. J.:

There is considerable conflict of authority as to the necessity of notice and request to remove a nuisance, where the same was created by a previous grantor of the owner sued. The weight of the cases seems to be in favor of notice, but against a request to remove. (*Conhocton Stone R.* v. *Buffalo, N. Y. and Erie R. R.,* 51 N. Y., 573.)

This case is not one, however, in which that principle can be invoked. The evidence shows that the defendant's grantor carried the water from her roof through a pipe into the drain along or very near plaintiff's premises. It was imperfectly built for it began to leak into plaintiff's premises soon thereafter. The premises were conveyed to defendant as trustee in 1878, and he has since owned them. During all that time he has failed to protect the plaintiff from this leak. When the owner of premises collects the water which naturally falls upon the same into one place, and conducts it from there by a pipe to his drain, he undertakes, at all hazards, that his pipe shall be both sufficient and shall continue so

as to the adjoining owner. It is, therefore, no answer to the plaintiff's claim, for the defendant to say that he did not know of the leak. He was bound to do his duty by his own premises. It is the owner who is liable and never the tenant in possession unless the tenant has agreed to keep in repair. (*Bellows* v. *Sackett*, 15 Barb., 96.)

The charge of the judge was therefore more favorable to defendant than he was entitled to, in reference to notice. The damages were fully proven to the extent of the verdict. The estimate testified to by the witness did not include the damage beyond the mere repair. The diminution of rent was a legitimate damage. (*Jutte* v. *Hughes*, 67 N. Y., 267.) It was a fair inference that part of the damages may have come from the urinal erected by the defendant. This connected with a pipe some six inches from the plaintiff's wall. There is no force in the objection, that the defendant cannot be made liable as trustee. He owns as trustee and owes the duty as owner, to keep his pipes and drains from injuring his neighbor by reason of faulty construction or from being suffered to get in bad repair.

Whether as between himself and the beneficiary he can collect the damage from the trust estate is a question not now before us.

Upon the whole case the judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.