(80 App. Div. 548.)

### BATES v. HOLBROOK et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. APPEAL—FINAL JUDGMENT—REVIEW OF INTERLOCUTORY ORDERS.
   Interlocutory orders are reviewable on appeal from a final judgment where, as required by Code Civ. Proc. § 1301, they are specified for review in the notice of appeal.

2. SAME.
   No separate appeal will lie from an interlocutory order after final judgment.

3. NUISANCE—MEASURE OF DAMAGES.
   The damages to a lessee of a hotel from a nuisance maintained in the adjacent street are measured by the injury to its usable value, or the value of its use to him as distinguished from its rental value.

4. SAME.
   Though the lessee of a hotel cannot recover rents and profits, as such, of which he is deprived by the erection of a building which constitutes a nuisance, the loss of these may be considered in determining the injury to the usable value of the premises.

5. SAME—NATURE OF PROOF REQUIRED.
   Where it appears, to a reasonable certainty, that injury has resulted directly from the maintenance of a nuisance, damages may be recovered notwithstanding uncertainty as to the amount.

---

¶ 3. See Nuisance, vol. 37, Cent. Dig. § 120.

**6. SAME—EVIDENCE—COMPETENCY.**
　　To determine the injury to the lessee of a hotel from a structure in the street, constituting a nuisance, the amount of business done before its erection is competent evidence of what loss was caused by the nuisance.

**7. SAME—SUFFICIENCY.**
　　Evidence *held* sufficient to sustain a referee's findings as to the amounts the lessee of a hotel lost on account of loss of patronage resulting from the maintenance of a structure near it in the street.

Appeal from Special Term, New York County.

Action by Benjamin L. M. Bates against Frederick Holbrook and others. From a final judgment in favor of plaintiff, from an order denying motion to set aside report of referee, and from an order confirming the same, defendants appeal. Judgment affirmed. Appeals from the orders dismissed.

See 83 N. Y. Supp. 929.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellants.
Charles F. Brown, for respondent.

INGRAHAM, J. This action was brought to restrain the defendants from maintaining a nuisance upon Union Square, a public park in the city of New York, in front of a building leased by the plaintiff, and occupied by him as a hotel. The action came on for trial at a Special Term, where the complaint was dismissed. Upon an appeal to this court the judgment was reversed, and a new trial ordered (67 App. Div. 25, 73 N. Y. Supp. 417), whereupon the defendants appealed from the order granting a new trial to the Court of Appeals, with the stipulation that, if the said order were affirmed, judgment absolute should be entered against them. Upon this appeal this order was affirmed (171 N. Y. 470, 64 N. E. 181), and the remittitur from the Court of Appeals "did order and adjudge that the order of the Appellate Division of the Supreme Court, appealed from herein, be, and the same is, affirmed, and judgment absolute ordered for the plaintiff on the stipulation, with costs." Upon this remittitur being returned to the Supreme Court, an order or interlocutory judgment was entered that the judgment of the Court of Appeals "be, and the same is hereby, made the judgment of this court; that the erection, maintenance, and operation of the structures, machinery, and appurtenances and material, hereinafter and in the complaint herein specified and referred to, are unauthorized and a nuisance, and that the plaintiff have judgment for the damages which he has suffered thereby"; and that the defendants be restrained and enjoined from using the thoroughfare on Seventeenth street for the purposes specified in the complaint in this action; and a referee was appointed to take proof of the damages suffered by the plaintiff in consequence of the erection and maintenance of the nuisances and obstructions above referred to, and that upon the coming in of the referee's report, and confirmation thereof, final judgment be entered thereon for such damages in favor of the plaintiff against the defendants.

The defendants in the notice of appeal from the final judgment ask

to review this order or interlocutory judgment, but neither upon the oral argument nor in the briefs submitted is attention called to any provision in the interlocutory judgment which did not follow the direction of the Court of Appeals; and we cannot perceive that it granted to the plaintiff any relief to which he was not entitled when he was entitled to judgment absolute. The parties proceeded before the referee to assess the damages to which the plaintiff was entitled, and the referee found that the actual loss to the plaintiff by reason of the wrongful acts of the defendants was three-fifths of $90,000 rents, which the plaintiff was prevented from receiving, amounting to $54,-000, and three-fifths of $50,000 profits from feeding guests, which he was prevented from receiving, amounting to $30,000; making a total of $84,000; to which was added one year's interest; making in all the sum of $89,040 for which the plaintiff was entitled to judgment against the defendants. The defendants duly excepted to this report, and also served a notice that application would be made to the Special Term for an order "setting aside the report of the said referee, and directing a new assessment of damages before another referee to be appointed for that purpose, upon the ground that said report is contrary to the evidence and contrary to law, and because the said report does injustice to the defendants." At the same time the plaintiff moved to confirm the report, and also for an extra allowance. These motions coming on to be heard at Special Term, the court denied the defendants' motion to set aside the report and for a new assessment of damages, overruled the defendants' exception to the report, and granted the plaintiff's motion for an extra allowance, whereupon judgment for the plaintiff was duly entered, and from that judgment the defendants appeal. There is also a separate appeal from these various orders.

These interlocutory orders are before the court for review upon the appeal from the final judgment, under section 1316 of the Code of Civil Procedure, where, as provided by section 1301, the appellant specifies the interlocutory judgment or intermediate order to be reviewed. After final judgment, however, the interlocutory judgment or intermediate order can only be reviewed on an appeal from the final judgment. The interlocutory judgment and the interlocutory orders upon which that final judgment is based are all merged in the final judgment, and no right to review an interlocutory judgment or intermediate order upon which the final judgment was based survives the entry of the final judgment, except so far as a review of the interlocutory judgment or intermediate order is allowed on the appeal from the final judgment. We think, therefore, that the appeal from the interlocutory judgment and intermediate orders should be dismissed. The question presented, however, by the appellants, is before us on the review of the order overruling the exceptions taken by the defendants to the report of the referee, the defendants having specified that order in their notice of appeal as an intermediate order which they seek to review upon the appeal from the final judgment; and the question before us is as to whether the referee applied the correct rule of the damages to which the plaintiff is entitled.

The plaintiff is the lessee of a hotel known as the "Everett House,"

on the northwest corner of Seventeenth street and Fourth avenue, in the city of New York. Seventeenth street is the northerly boundary of a public park known as "Union Square," and for some time prior to the commencement of this action there was being constructed in Fourth avenue an underground railroad. The defendants were the contractors for the construction of a section of this railroad; and, for the convenient and economical performance of their work, they erected upon Union Square and Seventeenth street, in front of the plaintiff's hotel, a structure which was used by them. This structure we held to be a nuisance and unauthorized, and that the plaintiff was entitled to an injunction restraining the defendants from its use, and to the damages caused by the nuisance; and that determination was affirmed by the Court of Appeals. After the decision of the Court of Appeals, the question that remained undetermined was the amount of damages to which the plaintiff was entitled. The referee found that the plaintiff sustained loss by his inability to rent rooms in his hotel, caused by the maintenance of this nuisance, to the amount of $54,000, and that the plaintiff would have received as profits for feeding the guests who would have come to the hotel but for the maintenance of this nuisance the sum of $30,000; and the question is whether these findings of the referee were sustained by the evidence, and whether the plaintiff in an action of this character is entitled to recover by way of damages the loss in his hotel, which but for the nuisance would not have been incurred.

The action being to enjoin the continuance of a nuisance, where the plaintiff, in addition to the injunctive relief, asks to recover the damages sustained by the nuisance, the same rules which would be applied where a plaintiff had sued at law for the damages caused by the nuisance are applicable; and, while the general rule as to damages to which a person sustaining injury in consequence of the maintenance of a nuisance is entitled seems to be well settled, its application has led to some confusion. The rule adopted by the learned referee, and upon which he bases the plaintiff's right to recover for his loss of profits in the business of keeping the hotel, is stated by him as follows:

"On the question of law raised by the defendants with regard to the measure of damages or rule of liability to which the defendants are to be held, I am of opinion that, while the general rule—at least, the rule applicable in very many cases—is that a party injured by a nuisance is entitled to recover the diminution of rental value or usable value of the premises affected, yet that it is not inconsistent with that rule that where, by the direct operation of the nuisance, rents or profits have been lost, and the proof is that such loss or damage is reasonably certain, and such profits so lost are not speculative, but directly attributable to the nuisance, and to no other cause, such loss of rents and profits may be recovered as items of damage, and are in fact, in such case, to be treated as the diminution of rental value referred to in the rule."

And it is the correctness of this rule as to the measure of damages which has been caused by a nuisance or a trespass that is challenged upon this appeal by the defendants.

Where an owner of real property which is rented has suffered from a nuisance maintained by the owner or occupant of adjoining property, and has thereby lost a tenant or the opportunity of renting his property, to award him as damages the rental value of the property,

or the amount of rent that he would have received but for the maintenance of the nuisance, would clearly give him the compensation which the law awards to a person injured by the wrongful act of another. If the nuisance had not been maintained, he would have received the rental value of the property; the maintenance of the nuisance preventing him from receiving such rental value. The payment of the rental that he would have received but for the nuisance would place him in the same position that he would have been in but for the wrongful act of the defendants; but it is apparent that there are many cases where such a rule would not give compensation, and this case is one of that class. Here the rental value of the property is the amount of rent the plaintiff pays to the owner of the property. Where, by reason of the wrongful act of another, a tenant's business is interfered with, guests are prevented from coming to the hotel, and the business that he has established is affected, the rent that he has paid to his landlord would not be compensation for the wrong that has been done him. The damage that a tenant has sustained because of the wrongful acts of another which have interfered with his business, and prevented him from carrying it on in the building that he has leased for that purpose, bears no relation to the amount of rent that he has paid to the landlord for the property leased. The damage might have been so slight as not to be equal to the rent that the tenant has paid. On the other hand, it might be so serious as to destroy his business, and, by loss of custom itself, might vastly exceed the amount of rent that he has paid. The owner of the property has sustained no damage by this nuisance, for he has received his rent from his tenant, and the same amount was payable whether the nuisance was maintained or not. It is the tenant that has sustained damage, and that damage has no relation to the amount of rent that he has paid to the landlord. In such a case the plaintiff could not leave the building that he had leased, and procure other property in which to carry on his business, as business of this character is one depending largely upon the locality, as well as upon the skill with which the business is conducted; and, in the absence of evidence, there is no presumption that a building of the same character could have been procured by the plaintiff; nor would the plaintiff have been excused from the payment of the rent because of the maintenance of the nuisance. The nature of the business carried on, and the relation between the plaintiff and his landlord, are such that the rental value of the premises can bear no relation to the amount of damage that the plaintiff sustained by reason of the wrongful act complained of. Therefore it is the diminution in the usable value of the premises to the occupant, caused by the wrongful act, that is the measure of damages; and thus it has been said that the party injured by the nuisance is entitled to recover the diminution of rental or usable value of the premises affected. It must be apparent that "usable value" means the value of the use of the premises to the occupant, as distinct from the rental of the premises reserved in a lease by the owner to a tenant.

The premises in question were leased by the plaintiff for the sole purpose of carrying on the hotel business; his profits being the

amount paid to him by his guests, over and above his expenses. His receipts included the rent of the apartments, and the amount paid for furnishing meals to those who were the guests of the hotel. The business that he carried on was thus connected directly with the premises that he occupied; and there is here a clear distinction between a case where the premises were merely occupied for the purpose of distributing goods, as in the case of a merchant, and a case where the hotel and the ability to furnish accommodations for the guests are the foundation of the business, which includes the rental of the apartments in the hotel, and furnishing refreshments to his guests. Thus the usable value to the plaintiff of the hotel building was the amount that the plaintiff received from his guests, either for apartments or from the restaurant. A guest coming to the plaintiff's hotel would hire and pay for an apartment. He would also buy and use the food and other refreshments that he required. The ability of the plaintiff to furnish this accommodation depended upon his occupancy of the hotel; and the usable value to him of that hotel was the amount that he received from his guests, either by way of rental for an apartment, or for the refreshments furnished. Now, the defendants wrongfully maintained a nuisance which seriously affected the plaintiff in this use of his real property, drove his guests away, and directly prevented him from receiving the rent of his apartments, and from receiving from his guests what they would pay for the food and other refreshments that he was prepared to furnish them. It can thus be said that the wrongful act caused a diminution of usable value of plaintiff's property to the extent to which he could show that the wrongful act prevented him from receiving from his guests the rent of the apartments, and the amount that they would have paid for refreshments furnished them. The usable value of the premises would be diminished by just the amount that his guests would have paid him, both for rental of rooms and the profits from supplies furnished, and did not pay because of the nuisance.

It seems to me that the confusion that has arisen in determining the measure of damages in actions of this kind is caused by the misapplication of the terms used in discussing the question. I quite agree with the learned counsel for the defendants that profits, as such, are not recoverable in an action of this character; that the damages to be recovered must bear a relation to the usable value of the premises injured to the person in possession and entitled to the use thereof, as distinguished from a mere loss of profits of a business which are independent of the real property injured by the wrong. But when a court is called upon to determine the extent of an injury which has been sustained by the occupant of real property, caused by the wrongful act of another, the use to which the property is put by its occupant, and the injury that the wrongful act has caused to that use, are the material questions to be determined; and where the court can see that direct injury, which can be measured, has been caused to the occupant's use of the property by the wrongful act complained of, I can see no reason why the occupant is not entitled to an award which will include the loss that has been occasioned to him in the use of the property, caused by the wrongful act.

The fundamental principle of the law of damage is that a person injured in his person or property should receive compensation therefor, and in this respect there is no distinction between a breach of contract and a tort; but, "in order that there may be a recovery in damages, there must be (1) a wrongful act; (2) loss resulting; (3) adequate proof of both—which last essential is but the broad general rule requiring a plaintiff to make out his case." 8 Am. & Eng. Enc. of Law (2d Ed.) p. 548. It is also the rule that the damages "must be certain, both in their nature, and in respect to the cause from which they proceed." This rule, however, is satisfied by a reasonable certainty—"such certainty as satisfies the mind of a prudent and impartial person." Id. p. 610. "In all civil actions the law gives, or endeavors to give, a just indemnity for the wrong which has been done the plaintiff; and whether the act was of the kind designated as a tort, or one consisting of a breach of contract, is, on the question of damages, an irrelevant inquiry. * * * In using the words 'uncertain, speculative, and contingent,' for the purpose of excluding that kind of damage, it is not meant to assert that the loss sustained must be proved, with the certainty of a mathematical demonstration, to have been the necessary result of the breach of covenant by defendant. The plaintiff is not bound to show, to a certainty that excludes the possibility of doubt, that the loss to him resulted from the action of the defendant in violating his agreement. In many cases such proof cannot be given, and yet there might be a reasonable certainty, founded upon inferences legitimately and properly deducible from the evidence, that the plaintiff's loss was not only, in fact, occasioned by the defendant's violation of his covenant, but that such loss was the natural and proximate result of such violation. Certainty to reasonable intent is necessary, and the meaning of that language is that the loss or damage must be so far removed from speculation or doubt as to create in the minds of intelligent and reasonable men the belief that it was most likely to follow from the breach of the contract, and was a probable and direct result thereof. Such a result would be regarded as having been within the contemplation of the parties, and as being the natural accompaniment and the proximate result of the violation of the contract." U. S. T. Co. v. O'Brien, 143 N. Y. 288, 38 N. E. 267. And in Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676, it is said:

"They [damages] may be so uncertain, contingent, and imaginary as to be incapable of adequate proof; and then they cannot be recovered, because they cannot be proved. But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain. It is not true that loss of profits cannot be allowed as damages for a breach of contract. Losses sustained and gains prevented are proper elements of damage."

This being the rule, the question for the learned referee to determine—it having been adjudged that the defendants' act was wrongful, and that the plaintiff was entitled to recover the damages that he had sustained thereby—was what damage to the usable value of the prop-

erty in occupation of the plaintiff had been caused by the wrongful act of the defendants. He has found that, but for the wrong, he would have received for the rental of his apartments $54,000 that he did not receive; and he has found that those persons who were prevented from occupying apartments in the plaintiff's hotel would have called for food and refreshments from which the plaintiff would have received $30,000 more than it would have cost him to furnish such refreshments, and that by reason of the wrongful acts of the defendants the plaintiff is $84,000 worse off than he would have been, had not the wrong been done. Are not those two items the direct loss to the plaintiff of the usable value of his hotel during the period of the maintenance of this nuisance? And if there is evidence to sustain such a finding, does it not follow, within the conceded rule—that one committing such a wrong and maintaining such a nuisance is liable for the diminution in the usable value of the premises affected by the nuisance—that for those sums the plaintiff was entitled to recover? Again I wish to emphasize that this award is not for profits merely as profits from the plaintiff's business, but the amount which the proof shows was the injury to the usable value of the plaintiff's hotel caused by the wrong complained of. That loss of profits is competent evidence of the injury to the usable interest in real property is, I think, conclusively established by the authorities in this state. The citation of but a few cases will be necessary:

In Schile v. Brokhahus, 80 N. Y. 614, it is said:

"Loss of profits consequent upon a tort, as well as a breach of contract, are allowed, provided they are such as might naturally be expected to follow from the wrongful act, and are certain both in their nature and in respect to the cause from which they proceed. * * * The fact of the extent of business done previously was competent to be shown. If a business is entirely broken up, the amount previously done is ordinarily pertinent upon the question of the amount which might subsequently be done, and the same is true of a partial interruption of business."

In Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1059, which was an action of trespass, Judge Earl says:

"The trial judge held that, if the plaintiff was entitled to recover at all, he was entitled to recover the damages which were the natural consequences of the destruction of the building occupied by him, and his eviction therefrom. He had made some expenditures in fitting up the store for his business, and the judge charged the jury that they could take these expenditures into consideration. There was also damage to, and depreciation of, the stock of confectionery he had on hand; and the judge charged the jury that they could take that into consideration. He also charged the jury that, in estimating the plaintiff's damages, they could consider the profits he could have made in his business if he had been permitted to carry it on to the end of his lease. The charge of the judge as to these various items of damage seems to have been carefully limited and explained, and the only exception to which our attention is called, bearing on the damages, is the final exception in the case to the charge 'in respect to the measure of damages.' * * * But the principal item of recovery was on account of the prospective profits in the plaintiff's business during the remainder of the term of his lease, and that they were proper to be considered in estimating his damages in a case like this, where he was evicted and his business broken up by the trespass and wrong of the defendant, was decided in Schile v. Brokhahus, 80 N. Y. 614."

Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 734, was an action brought to recover damages for a trespass by the defendant

in constructing, maintaining, and operating a system of driven wells and a pumping station operated for the purpose of supplying water to a portion of the city of New York. There was a verdict in favor of the plaintiff for nominal damages only, upon which judgment was entered, and from which the plaintiff appealed. The question arose upon the ruling of the trial judge on questions of evidence. The judge upon the trial ruled that only damages for rental and fee value would be allowed, and the court say:

"The question presented for solution is whether, if it is sought to ascertain the fee value or the rental or usable value of the plaintiff's farm, what line of proof is admissible to accomplish that result. * * * We have here a growing and profitable business at the time the defendant entered upon the plaintiff's farm as a trespasser, which we may assume, for the purposes of this discussion, has been greatly damaged, if not practically destroyed. In order to furnish a foundation of fact upon which a trial judge, a jury, or an expert could base a judgment as to the fee, rental, or usable value of the property before and after the trespass, and the damages resulting therefrom, it would seem that the only reasonable way would be to prove the nature, character, and extent of the business that had been thus interrupted by defendant's trespass, and the fact which would fix the diminished value of the farm as a result of such interruption."

The plaintiff's wife was sworn as a witness, and was asked questions to prove the gross sales and expenses of the farm from 1883 to date. The court said, "I decline to permit you to do it." The plaintiff's counsel then asked, "For any purpose?" to which the court replied, "Yes, for any purpose," to which the plaintiff excepted. Evidence was also rejected as to gross income, net income, expenses, prices, fertilizer, manure, and help in various years before and after the trespass, sought to be proved in various ways. In ordering a new trial, the court said that:

"The rule may be briefly stated to the effect that the plaintiff should be allowed to prove all the facts in regard to the manner of conducting business on his farm, before and after the trespass, calculated to give the court or jury a correct general idea of the condition of the farm and its productive value. With these proofs in the record, supplemented by such evidence as the defendant might offer, a substantial basis of fact would be furnished, upon which the court, jury, or expert might rest an opinion as to the fair and reasonable amount of damages suffered by the plaintiff, considering the effect of the trespass on the fee, rental, or usable value of the property."

The case now under consideration falls within the cases of Schile v. Brokhahus and Snow v. Pulitzer; and while I think it is misleading to say that profits, as such, are recoverable, the principle which allows a recovery for profits is that where a person in possession of real property uses the real property to conduct his business, and where that business is seriously injured by a wrong, the measure of damage is the diminution in the usable value of the property to the person in possession, and that where the business there conducted has relation to, and is dependent upon, the use of the property, the loss of business directly occasioned by the trespass is the damage to the usable value of the property which was sustained by its occupant, and for which the wrongdoer is responsible. So that upon this finding of the learned referee that the injury sustained by the plaintiff was in a diversion from his hotel of the guests, from whom he would have received as rent of apartments the sum of $54,000, and from whom he

would have received over and above the cost the sum of $30,000 for furnishing refreshments, we have direct evidence of injury to the usable value of the property to the plaintiff, and for which the defendants are liable.

The defendants also challenge the proof upon which the referee has based his findings, and claim that it is not sufficient to justify his conclusion. We think the evidence is sufficient to sustain a finding that, but for this nuisance maintained by the defendants, the plaintiff's receipts from rents of the premises would have been at least that stated by the referee. Where it is material to prove the injury to a business by the wrongful act complained of, the amount of business before the wrongful act was committed is competent evidence upon the question as to what diminution was caused by the act complained of. Schile v. Brokhahus, supra; St. John v. The Mayor, 6 Duer, 315, cited with approval in Jutte v. Hughes, 67 N. Y. 267. And the uniformity of the amount received from month to month for room rent prior to the time this nuisance was established, with the depreciation during its continuance, and the fact that after it was abated receipts from room rent were largely increased, is convincing evidence that the wrong complained of caused the depreciation. That the excavation of the subway on Fourth avenue had a much less serious effect upon the plaintiff's premises than the nuisance on Seventeenth street is shown by the fact that the depreciation commenced immediately after the erection of the nuisance, which was some time before the excavation reached the plaintiff's property, and the further consideration that the frontage on Seventeenth street opposite this nuisance maintained by the defendants was of much greater extent than upon Fourth avenue in front of the excavation, and also that the excavation was below the surface, and could not have had the effect upon the building that was caused by the structure on Seventeenth street.

The allowance for what are called profits from the guests who were kept away from the hotel by this wrong complained of is not as certain as the diminution in the rent of rooms. That some loss was caused to the restaurant business is certain, and I think there is evidence to sustain the referee as to the amount. It is based upon the experience of the plaintiff in his business for years, showing the average amount paid by those who were guests of his hotel for refreshments furnished, and the amount that it cost the plaintiff to furnish the refreshments, and the balance is the amount lost to the plaintiff in consequence of the diminution in the number of guests. It is said that this is an unsatisfactory method of arriving at the amount of money that his guests would have spent in the hotel; but it is apparent that each guest that came there would have spent something in addition to his room rent, and, when damage for a wrongful act is proved, the fact that it is difficult to prove the exact amount of damage will not release the wrongdoer from responsibility. In Mark v. Hudson River Bridge Co., 105 N. Y. 28, 39, 8 N. E. 246, the court say:

"The testimony clearly showed some substantial damages, to which the plaintiffs were unquestionably entitled, if the issues as to negligence were decided in their favor; and a failure to distinguish as to all the items, be-

tween damages of that character and those to which the plaintiffs were not entitled, could not be visited on the plaintiff, under the circumstances, by confining their recovery to mere nominal damages."

What the law requires is the best and most certain proof that it is possible to supply, and such proof we have in this case. It is not suggested that there is any other proof available that the plaintiff did not furnish. The evidence is substantially undisputed that during the years that this nuisance was maintained this plaintiff sustained serious damage. His business was seriously interfered with; his receipts declined to much less than half what they had been before; his obligation to pay rent continued; and it having been adjudged that the defendants were wrongdoers, and illegally caused this damage, they should not escape liability because, from the nature of the injury that they caused, it is difficult to arrive at an exact computation of the amount of damage.

There are exceptions to evidence scattered through this record, but none of them, I think, are of sufficient importance to justify us in setting aside the report of the referee. He most carefully considered the question, and, after a careful examination of all the testimony, I am satisfied that the result reached by him does no injustice to the defendants.

It follows that the appeals from the intermediate orders should be dismissed, and the judgment affirmed, with costs. All concur.