CHARLES H. MAY, Appellant, *v.* NEW YORK EDISON COMPANY,
Respondent.

First Department, December 1, 1916.

Tort — excavation in street, city of New York — injury to goods in
adjoining premises caused by water collected in excavation — freedom
from negligence immaterial.

Where an electric company, acting under a municipal permit, opens and
keeps open an excavation close to the curb line in a street in the city of
New York with a result that waters collect in the excavation and
leak through into the cellar of an adjoining owner causing injury to
goods, there is a liability for the damage caused and the defendant's
negligence or lack of negligence has nothing to do with the case.

APPEAL by the plaintiff, Charles H. May, from a determina-
tion and order of the Appellate Term of the Supreme Court in
favor of the defendant, entered in the office of the clerk of the
county of New York on the 22d day of May, 1916, affirming a
judgment of the City Court of the City of New York dismissing
the complaint and also affirming an order of said City Court
denying plaintiff's motion for a new trial.

An appeal is also taken from the order entered in the office of
the clerk of the City Court of the City of New York making
the determination and order of the Appellate Term the order
of said City Court and from the judgment of affirmance entered
thereon in the office of the clerk of said City Court.

*Dickinson W. Richards,* for the appellant.

*Thomas H. Beardsley,* for the respondent.

SCOTT, J.:

The plaintiff, as assignee of the firm of Nathaniel Fisher &
Co., sues for damages caused by the flooding of a cellar and
consequent injury to merchandise, resulting as it is alleged
from the act of the defendant in opening and keeping open an
excavation in the highway. The opening was made for the
purpose of making some repairs or alterations to defendant's
underground conduits and had been authorized by the appro-
priate municipal authority. Taking the most favorable view

of the evidence in favor of plaintiff, as we must when the complaint is dismissed, it appears that the excavation was made by defendant in the roadway close to the curb; that it was allowed to be open for a considerable period; that it intercepted the flow of water through the gutter and caused it to collect, and that the water thus collected in the excavation leaked through into the premises occupied by plaintiff's assignor. The complaint was dismissed because the plaintiff had failed to show negligence on the part of defendant.

This was error. The defendant's negligence or lack of negligence had nothing to do with the case. Its liability under the circumstances has been established by many cases in this State, of which *Mairs* v. *Manhattan Real Estate Assn.* (89 N. Y. 498) is typical and is a leading case. It has been approved and followed in many others. The rule of liability is thus stated in the case cited: " The general rule is well established that an unauthorized interference with, or excavation in a highway, or a street of a city, for the private benefit of adjoining premises, is wrongful, and the party responsible for it is liable to all persons injured thereby, irrespective of any question of negligence. * * * As to the traveling public, it may be that the municipal authorities can license acts in reference to the streets, which they might lawfully perform themselves, and that a person acting under such a license is not chargeable with creating a nuisance, or unlawfully obstructing or injuring the public highway, if he exercises due care. But a different question arises where the wrong complained of consists in doing damage to neighboring property by collecting surface water, or diverting it from its accustomed channel without providing another, and thus throwing it upon the land of an adjacent owner. The rights of the parties in such a case do not depend upon the same principles as in cases where the wrong complained of consists of an interference with a public highway to the injury of the traveling public, but upon the principle of *Hay* v. *Cohoes Co.* (2 N. Y. 159); *St. Peter* v. *Denison* (58 id. 416; 17 Am. Rep. 258); *Jutte* v. *Hughes* (67 N. Y. 267), in which it is held that where one is making improvements on his own premises, or without lawful right, trespasses upon or injures his neighbor's property by casting

material thereon, he is liable absolutely for the damage, irrespective of any question of care or negligence. A license from the municipal authorities cannot affect the question of responsibility in such cases. A municipal corporation has itself been held liable for throwing water collected in the gutter of a street upon the land of a private owner. (*Byrnes* v. *City of Cohoes*, 67 N. Y. 204.) ”

Applying this rule to the facts of the present case it is clear that the dismissal of the complaint was erroneous, and that the judgment entered thereon cannot stand.

The determination of the Appellate Term and the judgment of the City Court are reversed and a new trial granted, with costs to the appellant in all courts to abide the result.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Determination and judgment reversed, new trial ordered, costs to appellant in all courts to abide event. Order to be settled on notice.