Bacon, J.
 

 That the answer in this case is bad, within all the rules of pleading heretofore recognized in the courts, cannot, I think, be questioned. It consists, in effect, of nothing more than a general averment that the note on which the suit is brought is void for usury. It does not aver what the usurious agreement was: between whom it was madethe quantum of usurious interest that was agreed upon and received, nor that the agreement was intentionally usurious and corrupt. The old rule of pleading required all this particularity. Thus, in
 
 Vroom
 
 v.
 
 Ditmas
 
 (4 Paige, 526), the Chancellor, speaking of the manner in which usury must be set forth in a pleading, says “ the defence must be distinctly set up in the plea or answer, and the terms of the usurious agreement, and the quantum of the usurious interest or premium must be distinctly and correctly setup.” See also, to the same effect,
 
 New Orleans Gas Company
 
 v.
 
 Dudley
 
 (8 Paige, 452);
 
 Curtis
 
 v.
 
 Masten
 
 (11
 
 Id.,
 
 15), and numerous other cases. In the case of the
 
 New Orleans Gas Company
 
 v.
 
 Dudley,
 
 the Chancellor, speaking of an answer thus bald and deficient in these essential elements, says that such a pleading would certainly be considered bad both in form and substance if pleaded as a defence to a suit upon a bond or evidence of debt in a court of law.
 

 Under our present system, which requires the facts constituting a defence to be plainly and concisely set forth, this rule cannot be deemed to be relaxed; and so are the cases,
 
 Fay
 
 v.
 
 Grimstead
 
 (10 Barb. S. C. R., 321-9);
 
 Gould
 
 v.
 
 Horner
 
 (12
 
 Id.
 
 601). The answer, then, is bad in substance for the
 
 *569
 
 want of these essential allegations, and being thus fatally defective, the defendant having presented to the court below no affidavit of merits, nor made any application to amend the pleading so as to present a defence, the judgment here should be final against him.
 

 Everything stated in this answer may be true, and yet no usury whatever have existed in the transaction; since there may be many cases where more than seven per cent is actually received upon a loan, and yet the transaction be ■ entirely uninfected with usury; and the law will never presume a corrupt and usurious, or, indeed, any other unlawful agreement from a state of facts that is equally consistent with a lawful purpose.
 

 The case of
 
 Catlin
 
 v.
 
 Gunter
 
 (1 Kern., 368), in no respect aids the defendant. That case turned entirely on the question of variance. The answer set forth the defence of usury in a full and unmistakable manner, and could not be objected to as a pleading in any form. The usury proved on the trial differed in several particulars from that alleged, but not in its entire scope and meaning; and the court consequently held, under the provision of the Code'applicable to variances and the power of amendment, that the variance, it not having been alleged that the party was misled by it, should have been deemed immaterial. It is conceded in the opinion of the court in that case, that if the answer had been, in general terms, that the note was, at its inception, negotiated upon a usurious consideration, it would have been bad for its generality. That is the whole scope of the answer in this case.
 

 It is insisted that the remedy of the plaintiff was to move, under section 160 of the Code, to make the answer more certain and definite. It is very true that resort might have been had to this section if the plaintiff had elected to compel the defendant to put in an issuable answer; but that is only one of the remedies which the law affords. If the answer is so bad that it presents no defence at all, then another proceeding is provided by which it can be disposed of in a summary manner, and the delay which the defendant obviously seeks (and which, in this
 
 *570
 
 case, he has succeeded, in obtaining), by such a naked pleading be defeated. (Code, § 247;
 
 People
 
 v. Macumber, 18 N. Y., 315.)
 

 Such was the relief sought by the plaintiff in this case, and the court properly determined, upon a view of the pleadings, that it presented no defence, and gave judgment accordingly. The judgment should be affirmed.
 

 Selden, Davies, Weight and Welles, Js., concurred.