The answer does not allege the facts and circumstances set up as a defence with such precision and certainty as ought to characterize a proper pleading; but the defects relate to the form, and not to the substance, of the allegations contained therein.
It avers that the note in question was given on a loan of $175 by the plaintiff to Simmons, one of the defendants, upon an agreement that more than legal interest should be allowed therefor, contrary to the statute, and that, in pursuance of such agreement, the excess was deducted from the amount borrowed. *Page 493 
The precise amount of such excess is not stated, it being alleged that the plaintiff took "about enough, as he said, to get him a barrel of flour, which amount defendant believes was about seven or eight dollars;" and then it is stated that the note was given for the entire amount of the loan, and it is payable, with interest, in six months from its date. These allegations, as I understand the answer, are made by both of the defendants, although the defendant Simmons makes the statement as to the particulars of the negotiation for the loan on information and belief merely. This was carried on by his co-defendant Wooster for him, and not by himself personally. He consequently could not answer in respect to it as of his personal knowledge. The answer commences with an averment by both of the defendants "that the note was given under the following circumstances," which are then detailed (the defendant Simmons, as before stated, answering on information and belief as to these), and concludes with the further averment by both of them, "that the cause of action mentioned in the complaint in this action arose out of the above-mentioned loan," and with the charge and claim that said note is usurious and void.
The facts and circumstances stated appear to me clearly sufficient to constitute usury.
The substance of the answer is, that the plaintiff received, in pursuance of an agreement to take more than lawful interest, contrary to the statute, seven or eight dollars of such excess for the loan of the sum of $175 for the term of six months by the plaintiff to the defendant Simmons, and that the note in question was given to secure the sum loaned, with legal interest thereon. If more particularity was required as to the amount of such excess, application should have been made, under section 160 of the Code, to have the answer made more definite and certain by amendment. (Prindle v. Caruthers, 15 N.Y., 425.) It, however, contained a substantial defence as stated, and, on the trial, a variance as to the amount of interest would not have been material in the absence of proof that the plaintiff was misled. (Catlin v. Gunter, 1 Kern., 368.) It was settled by this case that the same rule is to be applied *Page 494 
to the defence of usury which is applicable to other cases; and the case first cited shows that the allegations in the answer before us are sufficient.
The case of Manning v. Tyler (21 N.Y., 567), was materially different from the one under consideration, and does not aid the plaintiff. There the only allegation was, that the loan was at a greater rate of interest than at the rate of seven per cent per annum, without giving any particulars of the transaction; and BACON, J., in the prevailing opinion of the court, said of the answer, "It consists, in effect, of nothing more than a general averment that the note on which the suit is brought is void for usury. It does not aver what the usurious agreement was, between whom it was made, the quantum of usurious interest that was agreed upon and received, nor that the agreement was intentionally usurious and corrupt:" and he adds, that "everything stated in that answer may be true, and yet no usury whatever may have existed in the transaction; since there may be many cases where more than seven per cent is actually received on a loan, and yet the transaction be entirely uninfected with usury, and the law will never presume a corrupt and usurious, or, indeed, any other unlawful agreement, from a state of facts that is equally consistent with a lawful purpose." It is manifest, therefore, that the decision in that case was based on the ground that there were no facts or circumstances alleged on which to found the charge of usury, and has no application to a case like that under review, where all the details are set forth. These, as stated, show the transaction to be usurious, and constitute a good defence.
The judgment rendered against the defendant was therefore erroneous, and must be reversed, and the case must be sent back for trial.
COMSTOCK, Ch. J., SELDEN, DENIO, MASON and HOYT, Js., concurred.