This case falls directly within the principle settled by this court in the case of Manning v. Tyler (21 N.Y., 567). We then affirmed a judgment holding an *Page 495 
answer, not unlike that in the present case, frivolous. This answer does not at all come up to the rule laid down in the dissenting opinion in that case. It was there said "the cases are numerous and decisive, which hold that the terms of the usurious contract should be stated, so that it shall appear what rate or amount of interest was taken or accrued, and on what sum and for what time." The answer in this case is singularly defective and obscure, and its uncertainty and ambiguity, create a strong suspicion that the defence suggested is sham, and has no foundation. If a usurious agreement had been made, and consummated by the taking of unlawful interest, it could have been clearly stated, and as the answer was to be upon oath, it must necessarily have been truly stated. I think if these defendants had in truth any such defence, they would have spread it upon the record, and verified it by their oath. Their omission to do so, and the bungling attempt to indicate one in the most ambiguous and indefinite way, lead my mind to the conclusion, that none such in fact existed. The judgment of the special term upon this answer was right, and the judgment appealed from should be affirmed.
JAMES J., also dissented.
Judgment reversed, and a trial ordered.