THE NATIONAL BANK OF AUBURN, RESPONDENT, *v.* EDWIN LEWIS, IMPLEADED, ETC., APPELLANT.

*Usury — how pleaded.*

A plea of usury must set forth the usurious agreement, the names of the parties between whom it was made, the amount loaned, the amount of usury agreed to be paid, the length of time for which the loan was agreed to be made, and that the agreement was corrupt.

An answer which fails to allege any agreement between the parties, but merely alleges that the plaintiff took and reserved more than seven per cent, without, so far as appears, the consent of the borrower, is fatally defective.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action is on a note made by Beach Brothers & Co., for $1,680, bearing date the 31st of August, 1874, payable three months after date to the order of William Baker at the National Bank of Auburn.

The answer contains six defenses:

The first is a denial of the delivery to the plaintiff of said note, or that he is indebted thereon.

Second. That he was an indorser on said note for accommodation of the makers, and without any consideration therefor; that it was made and indorsed for the sole purpose of being discounted by the plaintiff for the sole benefit of the makers, which facts were known

to the plaintiff at the time of the discount, and that at the time of the discount the plaintiff knowingly, corruptly and usuriously deducted therefrom, and took and received or charged by way of discount, and knowingly and corruptly took, received and reserved for the loan or forbearance of the sum mentioned in the note for the time it had to run a sum larger than at the rate of seven per cent per annum to wit, the sum of $160, or thereabouts, whereby said note and indorsement became void by the laws of this State.

Third. The third defense sets up the same matters, and alleges that the taking of the illegal interest was contrary to the act of congress, entitled an act to provide a national currency, approved February 25, 1863, and said note became void.

Fourth. The fourth defense is a denial of the corporate existence of the plaintiff.

Fifth. The fifth defense is the same as the second, except that it claims that taking illegal interest should be held to be a forfeiture of the entire interest which said note carries with it.

Sixth. The sixth defense is that said note was the last renewal of a long series of renewals, on each of which plaintiff received and took usurious interest, and that the aggregate of said sums of usurious interest should be deducted from the amount due on said note.

On the trial the defendant admitted the corporate existence of the plaintiff.

The note was then read in evidence. The defendant admitted protest and notice, and the amount of interest due on said note, and the plaintiff rested.

The plaintiff conceded that defendant was an accommodation indorser without consideration.

The defendant called the plaintiff's teller, and was proceeding to examine him when plaintiff's counsel objected to any evidence being given in support of the allegations or defenses in the answer, on the ground that they set up no defense to the action.

The objection was sustained by the court and defendant's counsel excepted.

The defendant's counsel thereupon offered to prove the matters set up in his several defenses, except the fourth, to which the plaintiff's counsel objected. The court sustained the objection and defendant's counsel excepted.

The court ordered judgment in favor of the plaintiff for the amount of the note and interest thereon from its maturity, and from that judgment the defendant appeals.

*Rollin Tracy*, for the appellant.

*E. H. Avery*, for the respondent.

MULLIN, P. J.:

All the defenses, except the fourth, are based upon usury, and if that defense is not available, it will not be necessary to consider any of the allegations connected with it.

The plea of usury at the common law, and the answer setting up the same defense under the Code, must set forth the usurious agreement, the names of the parties between whom it was made, the amount loaned, the amount of usury agreed to be paid, the length of time for which the loan was agreed to be made, and that the agreement was corrupt. (*Manning* v. *Tyler*, 21 N. Y., 567; *Fay* v. *Grimsteed*, 10 Barb., 321; *Gould* v. *Horner*, 12 id., 601; *Banks* v. *Van Antwerp*, 5 Abb. Pr., 411; *Smalley* v. *Doughty*, 6 Bosw., 66; *Nat. Bk. of Metropolis* v. *Orcutt*, 48 Barb., 256.)

The averments of usury in the several defenses are substantially in the same language, and are in the following words: " Plaintiff discounted said note for the sole benefit of said makers thereof, and then and there, at the time of the said discount thereof, knowingly, corruptly and usuriously deducted therefrom, and took and received, reserved or charged by way of discount, and then and there, knowingly, corruptly and usuriously, took, received, reserved, or charged for the loan or forbearance of the sum of money secured thereby, for the time the same then had to run, to wit, for the time of three months, and three days, including the days of grace allowed by law upon commercial paper, payable on time, a sum of money much larger than at and after the rate of seven per cent per annum, to wit, the sum of $160 or thereabouts."

It will be seen that the answers do not even allege an agreement between the parties. On the contrary, the averment is, that the plaintiff took and reserved more than seven per cent without, so far as the answer alleges, the consent of the borrower.

Such an answer is fatally defective, and no attempt was made to amend it.

The defenses were properly rejected because of the defects in the answer.

The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.