ABEL C. VAIL, Respondent, v. THE BROADWAY RAILROAD COMPANY of Brooklyn, Appellant.

147  377|
169 ³127|

1. STREET RAILROADS — § 46 OF THE RAILROAD LAW OF 1850. Section 46 of the General Railroad Law of 1850 (Chap. 140), exempting railroad companies from liability for injuries received by a passenger while on the platform of a car in violation of posted regulations, provided proper accommodation was furnished inside the car, was never intended to apply to a street railroad operated by horse cars.

2. RAILROAD LAW OF 1850. The charter of a street railroad company contained a provision permitting it to be organized under the General Railroad Law of 1850, and providing that if so organized the provisions of that law should apply to it. *Held*, that this did not give section 46 of that law any broader application than was intended by the legislature when originally enacting it, and, hence, did not render that section applicable to the company.

3. RIDING ON PLATFORM — REGULATION AND NOTICE. A passenger having been injured while riding on the front platform of a horse car, smoking a cigar, brought an action against the street railroad company to recover damages on the ground of negligence, and recovered a judgment. There was at the time a notice posted in the car prohibiting riding on the

front platform, but there was a regulation of the company in force that "smoking on the closed cars is prohibited except on the front platform." *Held*, on affirming the judgment, that the exemption from liability conferred by section 46 of the Railroad Law of 1850 did not apply to the street railroad company; but that, if this were otherwise, the regulation might well be deemed to modify the notice and operate as a waiver of any immunity conferred by that law.

Reported below, 6 Misc. Rep. 20.

(Argued October 23, 1895; decided November 26, 1895.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made November 27, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying defendant's motion for a new trial.

This action was brought to recover damages for personal injuries sustained by the plaintiff in consequence of the alleged negligence of the defendant company in the operation of one of its street cars drawn by horses.

The articles of association of the defendant company stated that the organization was under the act of April 2, 1850 (the General Railroad Law), and also under chapter 303 of the Laws of 1858. Section 6 of the latter act is as follows: "It shall be lawful for said Augustus Ivins, solely or with his associates, to organize under an act of the legislature, entitled ' An act to authorize the formation of railroad companies and to regulate the same,' passed April 2, 1850, and, in the event of such organization, all the provisions of said last-mentioned act, except the number of persons designated in the first section thereof, shall apply to the said grantee and his associates, also except the provision of section 27 of said act."

There was posted in the car on which the accident in suit happened the following notice: " Passengers are not allowed to ride on the front platform with the driver. Any passenger breaking this rule does so at his own risk."

*Percy S. Dudley* for appellant. Under the statute this company is freed from liability for the injury sustained by the plaintiff in this case. Waiving the unsettled question of

the applicability of the statute to all street railroad companies, it is submitted that it applies at least to this company. (Laws of 1858, chap. 303; Laws of 1850, chap. 140, § 46; Laws of 1890, chap. 565, §§ 53, 182; Laws of 1892, chap. 677; *In re W. S. A. & P. R. R. Co.*, 115 N. Y. 447; Laws of 1869, chap. 917, §§ 3, 7; Laws of 1874, chap. 430; Laws of 1884, chap. 252; *Clark* v. *E. A. R. R. Co.*, 36 N. Y. 138; *Ward* v. *C. P., etc., R. R. Co.*, 11 Abb. Pr. [N. S.] 411; *Craighead* v. *B. C. R. R. Co.*, 123 N. Y. 391; *Coleman* v. *S. A. R. R. Co.*, 114 N. Y. 612; *Heidencamp* v. *S. A. R. R. Co.*, 1 Sweeney, 500; *Solomon* v. *C. P. R. R. Co.*, 1 Sweeney, 98; *Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 66; *Hayes* v. *F. S. S. R. R. Co.*, 97 N. Y. 259; *Connelly* v. *K. I. Co.*, 114 N. Y. 104.)

*Thomas E. Pearsall* for respondent. The defendant claims exemption from liability under the provision of the General Railroad Act (Laws 1850, chap. 140, § 46), which relates to the posting of notices forbidding riding upon platforms. The act cannot fairly be said to have any application to horse cars; and the fact that the defendant's act of incorporation, in general terms, makes the provisions of the General Railroad Act applicable to its company, does not strengthen its case. (Laws of 1884, chap. 252; Laws of 1860, chap. 513; Laws of 1860, chap. 462; Laws of 1867, chap. 906; Laws of 1892, p. 2051; Laws of 1890, chap. 565, § 183; *Lax* v. *F. S. S., etc., R. R. Co.*, 14 J. & S. 448; *Weymouth* v. *B. & S. A. R. R. Co.*, 51 N. Y. S. R. 612; 142 N. Y. 681; *Nolan* v. *B. C., etc., R. R. Co.*, 87 N. Y. 66; *Meisel* v. *L., etc., R. R. Co.*, 90 Mass. 234; *G. R. Co.* v. *Walling*, 97 Penn. St. 55; *Maguire* v. *M. R. R. Co.*, 115 Mass. 239.)

O'BRIEN, J. The plaintiff recovered a verdict against the defendant for his damages sustained in consequence of a serious personal injury while riding in one of the defendant's cars as a passenger on the 20th of October, 1892. It is conceded that there was evidence of the defendant's negligence

in the case sufficient to require its submission to the jury. It is quite clear also that upon the question of the plaintiff's negligence contributing to the injury, so far as that question depends upon general principles, and not upon special statutes, the case was one for the jury. The plaintiff was, at the time of the accident, riding upon the front platform of the car, smoking a cigar, which he had when entering it from the street.

The only question in the case which this court has the right to review is whether the action was defeated by the provisions of § 46 of the General Railroad Law of 1850. (Laws 1850, ch. 140, § 46.)

That section reads as follows: " In case any passenger on any railroad shall be injured while on the platform of a car, or any baggage, wood or freight car, in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury; provided said company at the time furnished room inside its passenger cars sufficient for the proper accommodation of the passengers."

The fact that the defendant has omitted to plead this statute as a defense would ordinarily be a sufficient answer to the point. When a railroad company in an action to recover damages by a passenger, sustained in consequence of a breach of the duty which the corporation owes to him as such, claims immunity under some provision of a statute it should plead all the facts upon which the immunity claimed rests. ( *Weymouth* v. *Broadway & Seventh Avenue R. Co.,* 2 Misc. Rep. 507; *S. C.,* 142 N. Y. 681). But as this question was not raised at the trial, we prefer to dispose of the objection upon broader grounds. The question is whether this statute was ever intended to have any application to a street railroad. It is quite certain that the companies themselves have not so regarded it, since it is a matter of common knowledge that they receive passengers every day when there is no place for them except upon the platforms, and have for

years. The construction which such corporations themselves have for many years given to this statute should not be entirely disregarded when seeking for its true meaning and when urged as a defense by one of the companies to an action in which it admits its own negligence. It may be conceded that the general language used is broad enough to cover the case, but words and language must, in the construction of a statute, always yield to what appears to have been the intention of the lawmakers. The literal meaning of words or phrases should never be permitted to pervert the purpose of the law, or to defeat the end which the legislature had in view, or to enlarge the operation of the law and extend it to subjects not within the legislative mind, or the evils intended to be remedied. When the intention of the law can be ascertained the courts will not allow this intention to be thwarted or perverted because the proper words were not used, but all will be made to conform to reason and good discretion. (1 Kent, 462; *People ex rel. Jackson* v. *Potter,* 47 N. Y. 375.) The general purpose of the act of 1850 was to provide for the operation of steam railroads. It is perfectly manifest and has always been conceded that many of its provisions can have no application whatever to street railroads. In the nature of things a provision of this character, intended primarily to prevent accidents and injuries to passengers on trains operated by steam and running at a high rate of speed, is not applicable to a street railroad, the cars of which are drawn through city streets at the rate of a few miles per hour. The danger to passengers standing upon the platform of steam cars when in motion is great and obvious, while that to passengers on the platform of street cars is almost nothing, as is fully demonstrated by the practice of the general public and the companies themselves. Moreover, the words employed in construing the section indicate quite clearly that what the legislature had in mind was riding on the platform of steam railroads. The section speaks of "*trains,*" and of "*baggage, freight and wood cars,*" terms which can have no application to the defendant. The notice

required was to be posted in the cars "then in the train," an expression which never was in popular use with reference to street railroads. The use of the words "any railroad" cannot be permitted to control the meaning of the law, in view of the notorious fact that at the time of its enactment, or since, there is not the slightest reason to believe that the legislature apprehended any evil or danger from riding on the platform of street cars. To hold at this day that a passenger riding on the platform of a street car, under the circumstances urged by defendant, is doing so at his own risk, because in violation of the statutes, would be to impose upon the public and the railroads themselves duties and obligations that have not heretofore been generally supposed to exist. Such a construction would unnecessarily extend the operation of the statute to cases and to a state of things manifestly not within its original scope or purpose.

We do not think that the incorporation in the defendant's charter of all the provisions of the General Railroad Law, with the exception of two sections mentioned, strengthens the defendant's position. All that was intended by that was that such portions of the general law as were applicable to street railroads should become a part of the charter. It was not intended by reference to the general law in the act incorporating the defendant to give to the section in question any other or broader application than that which was in the mind of the legislature when originally enacting it.

The law can mean nothing more when specifically made a part of the defendant's charter than it does as it appears upon the statute book, or as it came from the legislature in the first instance.

It appeared that one of the rules of the defendant corporation, in force at the time of the accident, was to the effect that "smoking on the closed cars is prohibited except on the front platform." It might well be held, we think, that this corporate regulation was intended to and did modify the notice posted in the car, and so operated as a waiver of any immunity conferred under the provisions of the general law referred

to. The true construction of the provision of the act of 1850 referred to was sharply involved in the case of *Butler* v. *Glens Falls, etc., R. R. Co.* (17 N. Y. S. R. 565), and from the disposition of the case afterwards made in this court it is quite evident that it was held that it did not apply to a street railroad. (*S. C.*, 121 N. Y. 112.)

For these reasons the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____