JOHN A. STEWART, Respondent, *v.* THE METROPOLITAN STREET RAILWAY CO., Appellant.

(Supreme Court, Appellate Term, June, 1897.)

1. Railroad — Action for a penalty for excessive fare.

The provisions of article 2 of section 39 of the General Railroad Act, providing that any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge is made through inadvertence or mistake not amounting to gross negligence, shall forfeit $50, to be recovered with the excess so received in an action by the party paying the same, are penal in their nature and are not to be extended to cases which were not within the legislative intent or the evil intended to be remedied.

2. Same — Mistake of conductor.

Evidence that after a person had paid his fare in a cable car, the conductor told him at a certain point that he must get out and take

the next car as the one he was in did not go any further; that, after he had boarded the next car, its conductor, notwithstanding the fact that the plaintiff told him he had already paid his fare upon the first car, insisted that he must pay again; that thereupon the plaintiff left that car, took the following car, and paid his fare upon it without objection, is insufficient to justify the plaintiff in maintaining an action to recover the penalty imposed by the General Railroad Act for a charge made in excess of the legal fare, as it cannot be said that the corporation deliberately asked or received more than the lawful rate of fare; the action of the conductor of the second car bringing the action within the exception of the statute contained in the words "unless such overcharge was made through inadvertence or mistake not amounting to gross negligence."

APPEAL by defendant from judgment of the First District Court.

Henry A. Robinson (J. T. Little and Theo. H. Lord, of counsel), for appellant.

A. & C. Steckler (Willard H. Olmstead, of counsel), for respondent.

McADAM, J. The facts as claimed by the plaintiff are as follows: He boarded a cable car of the defendant in front of the Fifth Avenue Hotel in order to reach a point near Park row. When the car reached Houston street it stopped, and the conductor informed him that he would have to get out and take the next car, as the one he was on did not go any further. The plaintiff got out, waited three or four minutes for an approaching car, and boarded it while it was in motion and when the conductor was inside. The conductor coming out to the rear of the car demanded fare, and was informed by the plaintiff that he had paid his fare to the conductor of the first car. The conductor insisted, however, and at Spring street, two blocks below the place where the plaintiff boarded the second car, the latter was refused further passage unless he paid his fare. Thereupon the plaintiff left the car, took the next car down town, and paid his fare upon it, when demanded, without any objection.

If the plaintiff boarded the second car by direction of the conductor of the first one in order to complete the passage to his place of destination, and was compelled to leave the second car upon

refusal to pay an additional fare, a case for the recovery of damages for breach of contract would seem to be made out, and he would be entitled to compensation for his loss of time, the additional fare paid and the injury to his feelings. Hamilton v. Third Avenue R. R. Co., 53 N. Y. 25. That is not the remedy the plaintiff pursued.

Instead of suing for breach of contract the plaintiff brings this action to recover the penalty imposed by the General Railroad Act for a charge in excess of the legal fare. The act (art. 2, § 39) is as follows: "Any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same; but no action can be maintained therefor, unless commenced within one year after the cause of action accrued."

It is quite manifest that the statute was intended, not to afford a remedy for breach of contract, but to punish an attempt to exact more than the legal fare from passengers in railroad cars or trains, and that it cannot be extended to cover the case of an attempt to collect what is supposed by the conductor to be the one fare which he is required to receive from a passenger. If the conductor who had first collected the plaintiff's fare attempted, in the same car, to collect it again, under the impression that it had not been paid, the case would not be within the statute, because it would not be an attempt at overcharge, but the result of inadvertence or mistake, which is expressly excepted by the statute invoked. The result is the same, undoubtedly, where the conductor of the car to which the plaintiff has been transferred attempts to collect the same fare in ignorance of the passenger's right to continue his ride. In such case there is no attempt to make an illegal charge or exaction. The action is, therefore, misconceived.

The object of the statute is well expressed in the opinion of Judge Grover in Fisher v. New York Central & Hudson River R. R. Co., 46 N. Y. 644, 657: "Until 1855, so far as I am aware, no statute had been passed upon this subject. Experience had shown that railroad corporations were charging fares beyond the rate allowed by law; that these charges were very small in each particular case, but aggregated for a year, amounted to a sum sufficient to continue the practice. The sums so extorted were always small in any one case, usually but a few cents, sometimes

shillings, and the trouble and expense of prosecuting for their recovery in Justices' Courts were more than the amounts received from any one person. Thus the illegal practice was continued with impunity. To remedy this, the statute was passed, giving the $50 to the party paying the money, not as a satisfaction for the injury received, for that was otherwise compensated; but to enable him to prosecute in a court of record, when he could recover the compensation of his attorney as costs, and to compensate for any further expense that might be incurred in the suit, and to compel the payment of such a sum by the defendant as would effectually stop the practice."

The statute is penal in its nature, and cannot be extended to cases not within the legislative intent or the evil intended to be remedied. Vail v. R. R. Co., 147 N. Y. 381.

The plaintiff has undoubtedly mistaken his remedy. The judgment rendered in his favor for the statutory penalty must, therefore, be reversed, and as a new trial would not avail him there must be judgment absolute in favor of the defendant, with costs.

DALY, P. J., and BISCHOFF, J., concur.

Judgment reversed and judgment absolute in favor of defendant, with costs.