MARY GERMENTEN, Respondent, v. BRADLEY CONTRACTING COMPANY, Appellant.

First Department, March 21, 1919.

Street — action to recover for loss in rental value of premises during construction of subway — municipal contract not making contractor liable for such damages — inconvenience of adjoining owner not caused by negligence, trespass or invasion of easements.

Action to recover damages alleged to have been caused by a municipal contractor to the lessee of a boarding house, consisting of inconvenience and loss of patronage during the construction of a subway by the defendant in the city of New York. The contract with the city bound the contractor to make good any damage to adjacent buildings irrespective of negligence on its part and also made it solely responsible for injuries to persons or property occurring during the performance of the work.

He d, that the contractor assumed no liability for damage other than physical injury to foundations, walls and structures and that the plaintiff had not been injured in these respects.

The fact that roomers left the plaintiff's premises during the construction of the subway and the rents of the premises depreciated owing to the

disagreeable conditions and noise caused by the construction which were not due to any negligence in the manner of doing the work or to trespass or invasion of easements by the contractor, did not give rise to a cause of action, for the plaintiff suffered only the inconvenience of others living along the line of a public improvement.

APPEAL by the defendant, Bradley Contracting Company, from an order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of April, 1917, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, entered in the office of the clerk of said court on the 6th day of October, 1916.

An appeal is also taken from the judgment of the Municipal Court entered on the 16th day of April, 1917, pursuant to the order of affirmance.

*Frederick L. C. Keating,* for the appellant.

*William F. Unger* of counsel [*Goldman, Heide & Unger,* attorneys], for the respondent.

SHEARN, J.:

This action was brought in the Municipal Court to recover damages for acts done by the defendant as a contractor engaged in building a section of the Lexington avenue subway under contract with the city. The plaintiff was the lessee of a rooming house at the northeast corner of Lexington avenue and Sixty-second street. She leased the premises while the subway work was being actively prosecuted in front of the house. No damages were awarded for physical injury to the property. The damages claimed and awarded represent depreciation in the usable value of the property, measured by the falling off of rent receipts. The main contention of the plaintiff is that she is entitled to recover by virtue of the defendant's contract liability for injuries to persons or property within the provisions of articles XXXVIII and XL of the contract, which are as follows:

" CONTRACTOR'S LIABILITY FOR INJURIES TO PERSONS OR PROPERTY.

" Article XXXVIII. The Contractor expressly admits and covenants to and with the City that the plans and specifica-

tions and other provisions of this contract, if the work be done without fault or negligence on the part of the Contractor, do not involve any danger to the foundations, walls or other parts of adjacent buildings or structures or to navigation; and the Contractor will at his own expense make good any damage that shall, in the course of construction, be done to any such foundations, walls or other parts of adjacent buildings or structures or to navigation. The liability of the Contractor under this covenant is absolute and is not dependent upon any question of negligence on his part, or on the part of his agents, servants or employees, and the neglect of the Engineer to direct the Contractor to take any particular precautions or to refrain from doing any particular thing, shall not excuse the Contractor in case of any such damage. Where the work is required to be done by tunneling the same admission and covenant shall also apply to the foundations, walls and other parts of buildings and to any railroad track or structure, subway, street, conduit, pipe, sewer or other structure or surface over the tunnel    *   *   *.

" Article XL. The Contractor shall be solely responsible for all physical injuries to persons or property occurring on account of and during the performance of the work hereunder, and shall indemnify and save harmless the City from liability upon any and all claims for damages on account of such injuries to persons or property, and from all costs and expenses in suits which may be brought against the City for such injuries to persons or property; it being distinctly understood, stipulated and agreed that the Contractor shall be solely responsible and liable for and shall fully protect and indemnify the City against all claims for damages to persons or property occasioned by or resulting from blasting or other methods or processes in the work of construction whether such damages be attributable to negligence of the Contractor or his employees or otherwise."

The contention is that the case is within the principle of the decision of this court in *Schnaier* v. *Bradley Contracting Co.* (181 App. Div. 538). There is no parallel whatever between the two cases. The plaintiff in the *Schnaier* case was the owner of an apartment house and sued for damages caused by physical injury to the foundations of the apartment

house and for injuries to the building. Such are the damages for which the contractor assumed liability in this contract. There is no assumption of any liability for damage other than physical injury to foundations, walls and structures. These contract provisions also distinguish this case from *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 N. Y. 31) and cases similar to the *Rigney* case.

The plaintiff further claims that, irrespective of contract liability, the recovery can be sustained on the ground of negligence, trespass and appropriation of easements. There was proof that was sufficient to show a trespass, consisting of the blocking of a sewerage pipe, in consequence of which, in rainy weather, water backed up into the cellar, causing disagreeable odors to permeate the building, but no damage was established as resulting from the trespass. The only damage claimed was that some roomers left and that there were several unoccupied rooms during the progress of the work, whereas after the work was finished all of the rooms were taken. That the rooms did not rent so well was in no manner connected with the trespass. It may well have been due to the general undesirability of the immediate neighborhood during the progress of the work, which was necessarily accompanied by noise, dirt and generally disagreeable conditions. To attribute the failure to rent rooms to the trespass was to indulge in mere speculation. Some proof was given that certain lodgers vacated their rooms because of dissatisfaction, but in each case the assigned cause was noise incident to the work. There was no relation between the alleged trespass and the noise. The same considerations apply to the claim for the alleged taking of the easements of light and air in consequence of the maintenance of a telpher or temporary structure in the street, which was for the purpose of permitting excavated materials to be removed from the subway excavation. There remains only the claim of damage due to lodgers leaving on account of noise. But the evidence failed to establish that the noise was due to any negligence in the manner of doing the work. The case of *Bates* v. *Holbrook* (67 App. Div. 25) has nothing in common with this case, and was decided solely upon the peculiar facts involved. Liability was based on the fact that the plaintiff

had been forced to put up with the entire annoyance of a power plant, which could have been split up into units and distributed along the line of the work. There is no doubt that the plaintiff's business suffered as a result of the prosecution of the subway work in front of her premises, but it was, so far as the proof shown, the same kind of annoyance and inconvenience that people living along the line of a great public improvement have to put up with temporarily, and for which in default of proof of damage resulting from trespass or from negligence or from invasion of easements there is no remedy. (*Holland House Co.* v. *Baird,* 169 N. Y. 136.)

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs in this court and in the Appellate Term to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellant in this court and in the Appellate Term to abide event.