Henry Ramme, Appellant, *v.* The Long Island Rail-
road Company, Respondent.

Streets — improvements in public streets — when persons
or corporations lawfully making improvements in public
streets are not liable for consequential damages — action to
recover damage for alleged loss of business — pleading — evi-
dence — license or permit to perform such work cannot be
proved unless pleaded in answer.

1. Where improvements are lawfully made in a public street which
do not involve direct encroachment upon private property, the person
or corporation making the same is not liable for consequential dam-
ages unless they are caused by negligence, misconduct or want of
skill.

2. A license to do something that cannot be lawfully done without
such license is new matter constituting a defense which must be
alleged in the answer, under the rule that where the defendant relies
upon new matter by way of confession and avoidance of the claim
of the plaintiff, it must be specially pleaded. (Code Civ. Pro.
§ 500.)

3. Where plaintiff complained that his business was interfered
with to his damage by reason of defendants unlawfully closing and
obstructing streets which plaintiff's customers had been accustomed
to use in reaching his place of business so that he lost customers and
profits thereby, a defense that the public service commission had
authorized the prosecution of the work, and the licenses or permits
given by the municipality to close the streets affected by the order
of the commission in order to eliminate grade crossings must be
alleged, and if not alleged such proof should not be received under
an objection that it is not within the issue presented by the pleadings.

4. The defendant did not build or maintain the temporary structure
of the fire department of the city of New York of which the plaintiff
complains, and it is not responsible for any damage that the plaintiff
suffered by reason of its erection and maintenance.

*Ramme* v. *Long Island R. R. Co.*, 178 App. Div. 904, reversed.

(Argued March 18, 1919; decided May 20, 1919.)

Appeal from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,

entered April 20, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lyman W. Redington* for appellant. The complaint alleges negligence, etc., and a nuisance. The answer only denies the allegations of the complaint, and pleads no special defense — no assertion or claim that the work was performed by direction of the public service commission. Hence the evidence introduced by the defendant and allowed by the court against the objection and exception of the plaintiff, showing the work was performed under authority of the public service commission, was inadmissible, and was an error. The plaintiff was taken taken by surprise. There was no such issue formulated by the pleadings. (*Crane* v. *Powell*, 139 N. Y. 338; *Clifford* v. *Dam*, 81 N. Y. 53; *Weaver* v. *Barden*, 49 N. Y. 289; *Milbank* v. *Jones*, 127 N. Y. 376; 3 Ency. Pl. & Pr. 858; *Vail* v. *Broadway R. R. Co.*, 147 N. Y. 380; *Van* v. *R. R. Co.*, 147 N. Y. 380; *Weymouth* v. *R. R. Co.*, 2 Misc. Rep. 507; 142 N. Y. 687; *Wheeler* v. *Lars*, 103 N. Y. 40; *Dewey* v. *Mayer*, 72 N. Y. 70; *Don* v. *City of Syracuse* 11 App. Div. 525.)

*Louis J. Carruthers* and *Joseph F. Keany* for respondent.

CHASE, J. In 1910 and prior to that year the North Shore Division Port Washington Branch of the Long Island Railroad Company maintained at grade a single-track steam railroad through that part of the present city of New York, known as Flushing. Murray Hill station on that branch of said road was and is situated on the block bounded by Barton place and Madison avenue, north and south, and by Boerum and Wilson avenues, east and west. That block is owned by the

railroad company.  In that part of the city the said road was constructed wholly or in part on private right of way, but of course had to cross many streets at grade.  Murray avenue is the first street east of Boerum avenue and runs parallel therewith.  Madison avenue after passing the block on which was situated the Murray Hill station turned northeasterly for a distance of eighty feet — the width of the avenue — and then continued easterly to Murray avenue.  The railroad ran north of Madison avenue until it reached about the southeasterly corner of the block on which the station was situated, and then ran diagonally across Boerum avenue to the block south of Madison avenue and between Boerum and Murray avenues.

The plaintiff during the years herein mentioned was in possession of a hotel which is situated on the north side of Madison avenue between Boerum and Murray avenues, and about seventy-five feet east of Boerum avenue.

In July, 1910, a proceeding was instituted by the public service commission for the first district to eliminate grade crossings at Lawrence street, Main street, Parsons avenue, Percy street, Wilson avenue, Boerum avenue, Murray avenue, Twenty-second street and Broadway.

On December 30, 1910, an order was entered by the commission directing that changes be made as therein provided and that the improvement be carried out in the manner provided by sections 91 to 97 inclusive of the Railroad Law (Chapter 49 of the Consolidated Laws) except that as therein provided the railroad company should, as agreed by it, bear the expense thereof over and above an amount specified therein.  By the order it provided as to Boerum avenue as follows: " Boerum Avenue.  The Railroad shall cross under the street with a clearance of at least sixteen and one-half feet from the top of the rail to the lowest member of the bridge.  The bridge shall be the full width of the present legal roadway with such additional sidewalk space as may

be approved in the detailed plans.  The grade of the street shall be raised not to exceed one foot above its present grade."

On October 10, 1911, the commission having examined competitive bids and the proposed contract and specifications for carrying out said work, approved the form of contract and specifications and authorized the railroad company to enter into a contract and prosecute the work as therein provided.  The work of excavation was started by the railroad company March 13, 1913, and it was completed by it May 6, 1914.  When completed the grade crossings had been eliminated and all obstructions arising or in any way connected with the changes made by the railroad company were wholly eliminated.

On July 22, 1914, after the obstructions to the streets mentioned were eliminated, the plaintiff brought this action.  In the complaint he alleges:

"That on or about prior to March 10, 1913, the defendant the Long Island Railroad Company wrongfully and unlawfully closed Wilson Avenue above mentioned, at a point where the tracks of said railroad now pass under said Wilson Avenue; that on or about March 10, 1913, the defendant the Long Island Company wrongfully and unlawfully closed Boerum and Madison Avenues in said Flushing at a point where the tracks of said railroad now pass under Boerum and Madison Avenues and at the north-westerly conjunction of said Boerum and Madison Avenues and placed obstructions in said highways or avenues at said point last above mentioned and wrongfully and unlawfully left the same thereon and kept said highways closed, and thus obstructed until May 1st, 1914.  That customers of plaintiff have heretofore used said highways and especially Madison Avenue in obtaining access to plaintiff's hotel but that by reason of the closing of said highways and because of said obstructions they were prevented from so doing and plaintiff thereby lost his customers and custom

and the profits which would have arisen therefrom." He demanded judgment for $8,000..

The action was originally brought against the Long Island Railroad Company and the city of New York. The answer of the defendant railroad company is substantially a general denial.

Upon the stipulation of the plaintiff and the city of New York an order was entered January 12, 1916, dismissing the complaint as against the city of New York, and a judgment to that effect was duly entered. The action was thereafter tried as against the defendant Long Island Railroad Company and the complaint was dismissed by order of the court. An appeal was taken to the Appellate Division where the judgment entered upon the order of the trial court was unanimously affirmed. (178 App. Div. 904.)

Section 500 of the Code of Civil Procedure provides that the answer of the defendant must contain a general or specific denial of each material allegation of the complaint controverted by the defendant or " A statement of any new matter constituting a defense."

A license to do something that cannot be lawfully done without such license is new matter constituting a defense which must be alleged in the answer. (*Haight* v. *Badgeley*, 15 Barb. 499; *Beaty* v. *Swarthout*, 32 Barb. 293; *Holroyd* v. *Sheridan*, 53 App. Div. 14; *Irvine* v. *Wood*, 51 N. Y. 224, 228; *Clifford* v. *Dam*, 81 N. Y. 52; *Donohue* v. *Syracuse & East Side Rway. Co.*, 11 App. Div. 525.)

The defendant did not allege in its answer the proceedings of the public service commission, and its orders therein relating to the elimination of grade crossings at Boerum and other avenues, or the licenses and permits given by the municipality to close the streets affected by such orders. It was not necessary for the plaintiff to give evidence of the proceedings or orders of the public service commission or of the city of New York to establish his cause of action.

After the plaintiff at the trial had rested his case the defendant offered in evidence the said orders of the public service commission. The plaintiff objected to the same as " Incompetent, irrelevant and immaterial, and because there is no such issue presented by the pleadings. The plaintiff is taken by surprise." They were received in evidence subject to such objection. The plaintiff duly excepted to the rulings. We think the rulings were erroneous.

Where the defendant relies upon new matter by way of confession and avoidance of the claim of the plaintiff it must be specially pleaded. The rule requires that a defendant allege in his answer the facts upon which he claims as a defense to the plaintiff's action that there had been a violation of the revenue laws (*Honegger* v. *Wettstein,* 94 N. Y. 252); the usury laws (*Fay* v. *Grimsteed,* 10 Barb. 321; *Manning* v. *Tyler,* 21 N. Y. 567); or that the contract sued upon is based upon a wager (*Goodwin* v. *Mass. Mutual Life Ins. Co.,* 73 N. Y. 480); or is otherwise illegal (*Milbank* v. *Jones,* 127 N. Y. 370); or where a justification for the acts alleged is claimed (*Wheeler* v. *Lawson,* 103 N. Y. 40); or former recovery or another suit pending is asserted. (*Brazill* v. *Isham,* 12 N. Y. 9; *Hollister* v. *Stewart,* 111 N. Y. 644.)

The Statute of Limitations (Code of Civil Procedure, sec. 413) or the Statute of Frauds (*Crane* v. *Powell,* 139 N. Y. 379) to be available as a defense must be pleaded.

In the cases mentioned and many others where facts must be shown or the benefit of a special statutory or other reason is claimed to defeat the plaintiff's recovery, the facts or special statute or other reason must be alleged that the plaintiff may know what the defendant claims as a reason why recovery should not be had. The reasons for the rule in the cases mentioned are applicable to this case.

In *Clifford* v. *Dam* (*supra*) an action was brought to recover damages for injuries occasioned by falling through an opening in the sidewalk of a city street. The opening

was a coal hole in front of the defendant's premises. The answer in that case was a general denial. The defendant offered to prove on the trial that he had a permit from the proper authorities for the construction of a vault under said sidewalk, and for the coal hole. It was objected to and excluded on the ground, among other things, that it was not pleaded. It was held that if a permit was material it could only be to mitigate the effect of an absolute nuisance to one involving care in construction and maintenance; that it was necessary not only to plead the permit but to allege and prove a compliance with its terms.

In *Donohue* v. *Syracuse & East Side Railway Company (supra)*. a street railroad corporation was sued for personal injuries in which the complaint alleged that the defendant in constructing and maintaining its railroad and the crossings over it had dug a trench in which rails were laid and which trench was left open for six months. In its answer it simply alleged that the accident occurred by the plaintiff's own negligence and want of care and not by the negligence or want of care of the defendant. It was held that the railroad company was not entitled to show that it had maintained its roadway in the manner stated because the city authorities had compelled it to suspend work thereon.

When a railroad company in an action by a passenger to recover damages in consequence of an alleged breach of duty which the corporation owed him claims immunity under the provisions of a statute it should plead all of the facts upon which the claimed immunity rests. (*Vail* v. *Broadway R. R. Co. of Brooklyn,* 147 N. Y. 377.)

We cannot say that the plaintiff's substantial rights were not injured by the court allowing the trial to be conducted as if the defendant had fully alleged as a defense in its answer the proceedings and orders of the public service commission and the permits and orders of the municipality. If the plaintiff had not rested upon the

pleadings it is possible that he could have had in court further testimony relating to the manner in which the work was performed.

It was the plaintiff's right to have the orders mentioned, to which he duly objected, excluded from evidence unless the defendant first amended its answer. Doubtless the defendant should now be allowed to amend its answer on such terms as to the court may seem just, but without such amendment we repeat that the ruling of the trial court admitting the orders of the public service commission in evidence was error.

The defendant did not build or maintain the temporary structure of the fire department of the city of New York of which the plaintiff complains, and it is not responsible for any damage that the plaintiff suffered by reason of its erection and maintenance.

Where improvements are lawfully made in a public street which do not involve direct encroachment upon private property, the person or corporation making the same is not liable for consequential damages unless they are caused by negligence, misconduct or want of skill. ( *Uppington* v. *City of New York*, 165 N. Y. 222; *Northern Transportation Co.* v. *Chicago*, 99 U. S. 635; *Smith* v. *Boston & Albany R. R. Co.*, 181 N. Y. 132; *Sauer* v. *City of New York*, 180 N. Y. 27; *Bates* v. *Holbrook*, 171 N. Y. 460.)

If the answer is properly amended there will still remain for determination the questions as to whether the plaintiff's damages, if any, were caused by negligence, misconduct or want of skill of the defendant, or by a failure on its part to conform to the authority conferred by the orders and licenses permitting the improvements.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.