WEBER & HEILBRONER, Appellant, *v.* HOLBROOK, CABOT & ROLLINS CORPORATION, Respondent.

First Department, May 28, 1920.

Easements — interference with light, air and access — measure of damages — necessity for alleging rule of damages — recovery permitted though wrong rule of damages alleged — right to recover for interference with light, air and access by construction of subway — complaint stating cause of action.

Damages recoverable in an action by the lessee of abutting property for interference with light, air and access by an obstruction in the street are limited to the diminution of the rental value of the premises caused by such invasion and interference, and cannot include loss of profits.

In such an action it is unnecessary for the plaintiff to specify in its complaint the rule of damages applicable to the facts alleged.

The fact that the only damage alleged by the plaintiff was loss of profits does not deprive it of the right to recover proper damages flowing from the facts alleged, and the allegation as to loss of profits may be deemed surplusage and disregarded since the complaint would have been good

if, after stating the facts, it had merely alleged that by reason of such interference with plaintiff's easements of light, air and access, it had sustained damages in a specified amount.

Damages to abutting property flowing from a substantial invasion of or an interference with easements of light, air and access by obstructions in the street erected in the construction of a subway, continued for a long period of time and remaining permanent for such period, are recoverable by a lessee of the abutting property on the theory that the construction of a subway, though authorized by the Legislature and constructed without negligence, is not a street use to which abutting owners must submit without compensation.

The complaint examined, and *held*, to state a cause of action. [1]

APPEAL by the plaintiff, Weber & Heilbroner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of November, 1919, upon the dismissal of the complaint by direction of the court at the opening of the plaintiff's case.

*Ira Skutch* of counsel [*Feiner & Maass*, attorneys], for the appellant.

*Thomas F. Conway* of counsel [*Thomas E. O'Brien* with him on the brief], for the respondent.

LAUGHLIN, J.:

The plaintiff, a corporation, alleges that it was in possession of the first floor and basement of the Putnam Building, on the westerly side of Broadway, between Forty-third and Forty-fourth streets, in the city of New York, as lessee, for a term commencing on the 1st day of February, 1913, and terminating on the 1st day of February, 1919, and conducted therein the business of selling men's and boys' furnishing goods, hats, clothing and other merchandise included in the general business of men's and boys' outfitters at retail, and paid a large rental therefor; that on the 9th day of September, 1915, the defendant entered into an agreement with the Public Service Commission for the First District of New York for the construction of part of the route of the underground railroad known as the Broadway-Fourth Avenue Subway, and thereby agreed to construct the subway under Broadway and Seventh avenue between Thirty-eighth and Fifty-first streets

in the borough of Manhattan, city of New York; that the defendant proceeded to perform the contract and excavated the street adjoining and adjacent to the premises occupied by the plaintiff, and erected and maintained a large building or hoist in the roadway opposite and adjacent to the premises occupied by the plaintiff and obstructed the sidewalk by removing the sidewalk as it theretofore existed, and excavating thereunder and placing a bridge or passageway above it, constructed of wood and elevated above the entrance to the plaintiff's premises, so that pedestrians were required to ascend steps to get upon the wooden bridge at either end thereof in order to pass along Broadway between Forty-third and Forty-fourth streets, and that in order to reach the plaintiff's store pedestrians were required to descend steps at the middle of the bridge in order to get to the level of the passageway to the plaintiff's store; that said bridge was narrower than the sidewalk theretofore had been, and that by the erection thereof the plaintiff was deprived of the advantage of having its premises level with the sidewalk, and its store, in effect, became a basement store, and access to its premises became inconvenient and difficult, owing to the fact that the defendant railed off large portions of the passageway, " and interfered with the view of the show windows of said premises," and that said hoist and buildings erected by the defendant adjacent to the plaintiff's premises likewise interfered with the view of the plaintiff's show windows by persons passing the same and that the structures so erected by the defendant interfered with the light of said premises and with access thereto and deprived said premises of much of their value as a retail store; that the defendant commenced constructing the underground railroad on or about the 9th day of September, 1915, and maintained said hoists and obstructions in front of and adjacent to the premises occupied by the plaintiff for a period of more than a year thereafter, and that during said period said obstructions interfered with the light of the store and seriously interfered with access to the plaintiff's premises by people desirous of purchasing merchandise and diverted the traffic of passers-by from the plaintiff's premises; that by the said acts of the defendant the plaintiff was seriously damaged in that its trade was diverted and it was deprived of

the profits thereof and that by reason thereof it had been damaged in the sum of $50,000, and that said acts of the defendant in interfering with the plaintiff's premises and with access thereto and in connection with the construction of the underground railroad were unlawful and that by reason thereof the plaintiff is entitled to recover of the defendant the sum of $50,000, for which amount and costs judgment was demanded. By a bill of particulars the plaintiff claimed that its damages consisted in the diminution of the rental value of the premises so leased by it and losses sustained through loss of customers.

In opening the case, counsel for the plaintiff stated, among other things, that the defendant erected a series of buildings on the roadbed of Broadway, opposite the premises occupied by the plaintiff, extending nearly the entire length of the block and erected a fence six feet or more in height, completely cutting off the view of the plaintiff's premises from the easterly side of Broadway and erected a wooden bridge or sidewalk in front of the plaintiff's premises along the entire block with an ascent of several steps thereto from either end, and with a flight of steps descending from the middle of the structure down into the premises occupied by the plaintiff and that this structure was built up to within a few feet of the plaintiff's show windows, and that there was a railing or barricade thereon, leaving only a narrow passageway, and that the defendant erected a hoist or building on Forty-fourth street from the building line out into the street and used it for removing earth and other materials excavated in the construction of the subway and that these obstructions continued for more than a year and obstructed the view of the plaintiff's premises and prevented free access thereto, and that plaintiff would show that these obstructions and the interference with the view and access to the plaintiff's premises resulted in a substantial reduction in the rental value thereof. Counsel for the plaintiff, however, stated that his client was not complaining of the building of the subway and limited its complaint to interference with light, air and access. Counsel for the defendant, in moving to dismiss the complaint, pointed out that no negligence in the performance of the work was alleged in the complaint or stated in the open-

ing and that there was no complaint that the defendant did not obtain a permit for the work or that it created a nuisance or that the plaintiff suffered or sustained more damage than others along the line of the work and that by the complaint the damages alleged consisted only of loss of profits which are not recoverable.

The learned counsel for the respondent contends that the judgment should be sustained on the ground that the only damages alleged consist of a loss of profits which under the ruling in *Bates* v. *Holbrook* (89 App. Div. 548; 171 N. Y. 460) are not recoverable. He is quite right in his contention that the recovery by a lessee in this class of cases is limited to the diminution of the rental value of the premises caused by the invasion of and interference with his easements of light, air and access. (*Bates* v. *Holbrook, supra; Sinsheimer* v. *Underpinning & Foundation Co.,* 178 App. Div. 495; affd., 226 N. Y. 646; *Germenten* v. *Bradley Contracting Co.,* 186 App. Div. 868.) It was, however, unnecessary for the plaintiff to specify in the complaint the rule of damages applicable to the facts alleged; and the mere fact that it has specified an erroneous rule of damages does not deprive it of the right to recover recoverable damages flowing from the facts alleged. (*Colrick* v. *Swinburne,* 105 N. Y. 503.) The complaint would have been good, if, after stating the facts, it had merely alleged that by reason of such interference with plaintiff's easements of light, air and access, it had sustained damages in a specified amount. The allegations, therefore, with respect to a loss of profits should be deemed surplusage and may be disregarded. Damages incident to or caused by mere inconvenience or annoyance of any kind or nature incident to an authorized public improvement in a street are not recoverable, but damages flowing from a substantial invasion of and interference with easements of light, air and access by obstructions continued for a long period of time remaining permanent for such period are recoverable on the theory that the construction of a subway, although authorized by the Legislature and constructed without negligence, is not a street use to which abutting owners must submit without compensation. (*Matter of Rapid Transit R. R. Comrs.,* 197 N. Y. 81; *Bates* v. *Holbrook, supra; Sinsheimer* v.

*Underpinning & Foundation Co., supra; Germenten* v. *Bradley Contracting Co., supra.*) In the *Sinsheimer Case* (*supra*) Mr. Justice GREENBAUM, in instructing the jury, in substance so charged the law with respect to the rule of liability. In that case in the construction of the subway a structure was erected in the street in front of the premises occupied by the plaintiff and was continued for a period of two years and ten months, and without regard to whether it was essential and necessary to the performance of the work or whether it was properly or negligently constructed, the court ruled as a matter of law that if it so interfered with the plaintiff's easements of light, air and access as to diminish the rental value of the premises such diminution of rental value was recoverable. The judgment entered on the verdict in that case was affirmed by this court and by the Court of Appeals, notwithstanding the fact that exceptions to such rulings were taken and urged on the appeals. The learned court in that case ruled, as a matter of law, that the structure, although erected and necessarily used by the defendant for only a period of something over a year and then used by permission of the defendant by another subway contractor for the balance of the period, was in the nature of a permanent invasion of and interference with and an obstruction of the plaintiff's easements of light, air and access in so far as permanent, as distinguished from temporary, was essential to the plaintiff's right to recover, and that plaintiff was entitled to recover for the entire period. There is no distinction in principle between the *Sinsheimer* case and the case at bar. If there can be recovery for interference with easements of light, air and access for an entire period of two years and ten months, on precisely the same principle there must be a right to recover for such interference for the period of one year. The complaint, therefore, states a cause of action and if it shall appear that the defendant, even though without negligence, in the performance of this work substantially invaded and interfered with and obstructed the plaintiff's easements of light, air and access so as to diminish the rental value of the premises the plaintiff will be entitled to recover therefor. In *Ramme* v. *Long Island R. R. Co.* (226 N. Y. 327) the Court of Appeals in discussing a somewhat similar point said: " Where improvements are lawfully made in a public

street, *which do not involve direct encroachment upon private property*, the person or corporation making the same is not liable for consequential damages unless they are caused by negligence, misconduct or want of skill." That, however, was shortly before it affirmed the judgment in the *Sinsheimer* case, and, therefore, I think the statement should not be construed as indicating that such a material interference with light, air and access is not a direct encroachment upon private property within the contemplation of the rule as stated.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.