CHURCH OF THE HOLY COMMUNION, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Trial Term, New York County, June 29, 1944.

*Paul Englander* and *Rogers H. Bacon* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Guernsey Price* and *Charles Blandy* of counsel), for City of New York, defendant.

*Franklin Nevius* for The Arthur A. Johnson Corporation and Necaro Co., Inc., defendants.

BENVENGA, J. Action to recover damages to a church edifice alleged to have been occasioned by the construction of a section of the Sixth Avenue subway in front of and under the church.

The complaint alleges in substance that, between the summer of 1937 and December, 1938, due to excavation of subsoil adjacent to the church building and the method adopted and used in the construction of the subway, termites were attracted to and propagated in the subsoil, and from this source spread into and through the soil, damaging floor beams and wooden supports and causing the foundations of the church to weaken and settle.

The action is founded upon a contractual obligation assumed by defendant contractors in favor of third party beneficiaries. (See *Schnaier* v. *Bradley Contracting Co.*, 181 App. Div. 538, 543, 544; *Germenten* v. *Bradley Contracting Co.*, 186 App. Div. 868, 870, 871; *Wilson* v. *Costich Co., Inc.*, 231 App. Div. 346, 348, 349, affd. 256 N. Y. 629.) Under the contract the contractors

covenanted that the work of construction would not involve "any danger to the foundations, walls or other parts of adjacent, abutting or overhead buildings" (art 45a) and expressly assumed liability to the owners of such buildings "for all physical injuries * * * which may be occasioned by the work of construction" (art. 45b).

The principal issues are: (1) whether the statement of physical injuries alleged to have been occasioned by the work of construction is in accordance with the provisions of the contract; (2) whether the contract contemplates injuries alleged to have been occasioned by termites; and (3) whether such injuries were the proximate consequence of the work of construction.

Concededly the owner of an adjacent, abutting or overhead building has no rights as a third party beneficiary, unless he files a statement under oath "describing the physical injuries" and "itemizing the amount claimed" (contract, art. 47b). In the statement filed, plaintiff claimed that the foundations of the church had been undermined and that a condition of continuing damage had been created by such undermining and settling "and by sub-soil erosion". On the trial, plaintiff proved physical injuries due to termite infestation. It is contended that, because of this variance, the statement is fatally defective. The contention is untenable. The contract merely requires a "description" of the physical injuries. The cause need not be stated. If stated, it is superfluous and may be disregarded. All that is essential is that it be established that the alleged physical injuries resulted from the work of construction.

Whether the contract contemplates damage alleged to have been occasioned by termite infestation is not clear; and, since I prefer not to base the verdict on any technical ground, I shall assume that the parties to the contract intended to cover physical injuries by termites.

Concededly, plaintiff is not entitled to a verdict, unless the evidence establishes that the infestation by termites was a proximate consequence of the method adopted and used in the work of construction and that there is a causal connection between such method and the infestation. (See *Bernheimer* v. *Kilpatrick*, 53 Hun 316, 320, affd. 127 N. Y. 672; *Colmet Realty Corp.* v. *Atwell-Gustin-Morris, Inc.*, 253 App. Div. 842.)

Termites are a species of white ants. At certain seasons of the year, usually in the spring, a swarm will leave a well-established colony and migrate by flight. To live, they must alight on an earth surface or make their way there. Then, shedding

their wings, they burrow into the soil and move in the direction of wood, for termites propagate in subsoil and feed on cellulose in wood. Wood in contact with soil is a fertile source of infestation. Because of their gnawing propensities, termites cause immense damage to the woodwork of buildings, especially supporting beams and timbers. (See 20 Encyclopaedia Britannica, p. 886; 21 Encyclopaedia Britannica, p. 947.)

According to the expert witnesses, a swarm of these insects, at some time or other, alighted by chance in the vicinity of the church building, deposited themselves on and burrowed into the subsoil of the grass plots surrounding the edifice, and, after propagating and developing in large numbers, moved toward the beams and timbers supporting the edifice.

The experts are in substantial agreement, except as to the date of infestation. Basing his opinion on the color of the termite mud and other data, plaintiff's expert testified that the termites landed in the vicinity of the church between the summer of 1937 and December, 1938, while the subway was under construction; that, instead of attacking the church timbers, they moved in the direction of the wooden sheeting used in the work of construction, so that it "very probably" became termite infested; that the subsequent removal of the sheeting drove the termites in a subterranean manner to new sources of cellulose, eventually reaching the church timbers and causing the alleged damage.

Experts for defendant contractors, basing their opinion upon the same premises, reached a conclusion opposed to that of plaintiff's expert. They testified that the infestation antedated by many years the work of subway construction. In this they seem to be supported by the fact that, before the work of construction started, depressions were noticed in the floor of the church building, and that one of the beams supporting the edifice was observed to be in a "rotted" condition. That it was termite-eaten is quite probable. Moreover, the opinion of plaintiff's expert is based largely upon speculation and conjecture. He assumes that, of the two sources of infestation, the wooden sheeting and the church timbers, the termites first attacked the wooden sheeting, which was some distance from the grass plot upon which they presumably alighted, and then went to work on the church timbers.

For these reasons, I am unable to perceive any causal connection between the use of the wooden sheeting in the work of construction and the termite infestation and settlement of the church building. Nor has plaintiff sustained the burden of

establishing such connection. In reaching this conclusion, I have eliminated from consideration the test of " foreseeability " as an element of proximate cause (see 9 St. John's L. Rev. 84); in other words, that a wrongdoer is answerable only for those consequences which ought to have been foreseen by a reasonably prudent person. (*Perry* v. *Rochester Lime Co.*, 219 N. Y. 60, 63; *Comstock* v. *Wilson*, 257 N. Y. 231, 235.)

Accordingly, judgment is directed to be entered for the defendant contractors, the action against the City having been discontinued.